## Washington v. Commonwealth.

(Decided May 11, 1911.)

### Appeal from Mason Circuit Court.

Reform School—Offenses of Minors—Branch of Penitentiary—How Transferred—Under the act of the Kentucky Legislature as provided by sub-section 19 of Sec. 2095a Ky. St. (Acts of March 21, 1896, and of March 15, 1898) known as the School of Reform acts, no minor convicted of a crime may be sentenced to the penitentiary where the offense is his or her first offense, but must be sent to the reform school which is in fact but a branch of the penitentiary, in which only infant offenders may be sent; and when any of those who are there reach their majority they must be transferred by the proper order of the prison board to the State penitentiary until the end of the term for which they were sentenced.

STANLEY F. REED, JOHN M. CALHOUN, for appellant.

JAS. BREATHITT, Attorney General, T. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Fannie Washington, a girl under twenty-one years of age, was indicted in the Mason Circuit Court, charged with murder. Upon a trial she was found guilty of voluntary manslaughter. Her counsel asked that she be sentenced to the house or reform, as provided by section 2095a, subsection 19a, Kentucky Statutes, until she had reached her majority. This the court refused to do, but sentenced her to confinement in the penitentiary under the indeterminate sentence act. No stay of proceedings was asked, and she is now serving an indeterminate sentence in the penitentiary. This appeal is prosecuted to reverse the ruling of the trial court in refusing to sentence the accused to the house of reform.

It is the contention of appellant's counsel that this provision of the statute is mandatory, and that where it is made to appear that the criminal is under twenty-one years of age and a first offender, the trial judge has no discretion in the matter whatever, but must sentence her to the house of reform.

Subsection 19a of section 2095a, provides:

"That any and all juvenile or first offenders of the age of twenty-one years or under committing any crime whereby punishment in the State prison or School of Reform is contemplated, shall be sentenced by Court of Jurisdiction of the House of Reform, and commitment and method of conveying said offenders thereto shall be the same as to State penitentiaries.

"All inmates so sentenced to House of Reform in lieu of State penitentiary shall be subject to the same parole provisions as govern parole of penitentiary inmates.

"Any inmate so sentenced who may be incorrigible, or whose contact with the other inmates may be detrimental, may by the order of Board of Commissioners, be transferred to a State penitentiary.

"Courts of Jurisdiction shall fix an indeterminate sentence for minor offenders which shall keep such offen-

ders in confinement until they have reached the age of twenty-one years, but such offenders by reason of good conduct, industry and obedience to rules of the institution may be earlier discharged or paroled by Board of Commissioners.

"The Board of Commissioners may make any contracts made or to be made for the hire and employment of the inmates, and is hereby made legal. All contracts (acts) in conflict with provision of this contract (act) is (are) hereby repealed."

It is also contended that when an infant prisoner has been so confined in the house of reform until she reaches the age of twenty-one years, she is then entitled to be discharged as a matter of right from custody, and may not longer be detained therein or restrained of her liberty.

The act under consideration was passed by the legislature at its session in 1908, and its purpose is set forth in subsection 8, section 2095a, as follows:

"The object of these institutions shall be, not merely a place of detention, but the reformation of those who, by reason of vicious conduct or moral depravity, have rendered themselves burdensome to their relations as well as to society, and who may be under the provisions of this act, committed to these said institutions; and it shall be the duty of each and every officer of said institutions to see that all rules and regulations are strictly enforced and observed. Kindness, firmness and competency are qualifications which shall be required of all officers and employes, and it shall be incumbent on them to see that a kind and proper tone of feeling is observed among the inmates, and, by example and precept, to do everything in their power to reclaim and improve the moral character of the boys and girls under their care, fitting them to become good citizens and useful members of society."

Practical experience had demonstrated the necessity for the establishment of such schools. Boys and girls of tender years who were committed to the State prisons and compelled to associate with hardened and confirmed criminals usually acquired bad and vicious habits, and in place of having been benefitted by their confinement and punishment were, in reality, made worse. With a view, then, of improving the condition of these youthful criminals so as to fit them for the duties and respon-

siblities of life and make of them, if possible, useful citizens at the conclusion of the period of their confinement, these schools were established as an adjunct to the State penitentiaries, a place where the prisoners of tender years might be taught and made to realize the ill effect upon their lives of their evil ways and habits, and taught some useful trade or occupation.

Section 19 of the act provides for the removal of all such criminals under eighteen years of age who were then confined in the penitentiary, as to the Board of Penitentiary Commissioners seems expedient. The board was thus given a discretion in the matter of determining which of the youthful criminals under eighteen years of age, then confined in the penitentiary, should be transferred to the reform school. The manifest purpose of leaving this matter to the sound discretion of the Commission was to prevent the transfer of such of the youthful prisoners to the reform school as might exercise an injurious influence over the others.

This section is followed by section 19a, in which it is provided that any and all juvenile or first offenders of the age of twenty-one years or under, who had committed any crime whereby punishment in the State penitentiary or school of reform was contemplated, should be sentenced by a court of jurisdiction to the house of reform. This provision is mandatory.

Having established the schools of reform for the purposes indicated, the trial judges throughout the State are given no discretion as to where they shall sentence youthful offenders under twenty-one years of age when they are first offenders. Under this act no minor convicted of a crime may be sentenced to the penitentiary when the offense for which he is punished is his first offense, but must be sent to the reform school.

It is next insisted that, by a further provision of subsection 19a, under consideration, when an infant confined in the house of reform reaches the age of twenty-one years he shall be released from confinement. This does not mean that the prisoner shall be no longer restrained of his liberty, but simply that he shall no longer be confined in the reform school, and the language, "courts of jurisdiction shall fix an indeterminate sentence for minor offenders which shall keep such offenders in confinement until they have reached the age of twenty-one years," refers alone to their confinement in the re-

form school.. When they have reached their majority, if the period of their confinement is not then exhausted, they must be transferred to the penitentiary and serve the remainder of their sentence there. There is nothing in the act, or the purposes leading up to the act, that would justify even inferentially the claim that the Legislature intended to relieve youthful criminals of punishment for their offenses. The reform school is in fact but a branch of the penitentiary in which only infant offenders are confined. None but infant offenders may be sent there; none but infant offenders may be kept there; and when any of those who are there reach their majority, they must be transferred by a proper order of the prison board to the State penitentiary.

The Board of Prison Commissioners is given the same authority and control over the reform schools that it has over the penitentiaries. It may parole the youthful prisoner upon proper showing, or may cause him to be transferred to the penitentiary if his conduct and habits are such as to render him an unfit associate for the other youthful prisoners. But unless paroled or pardoned he must serve the full term of his sentence, in the reform school during his minority, and thereafter in the penitentiary, under the rules and regulations of these institutions.

The record does not show the exact age of appellant. If it is made satisfactorily to appear that she is under twenty-one years of age, she should be transferred to the reform school, and the trial judge should make an order to this effect; there to be detained until she reaches her majority, when she will again be transferred to the penitentiary to serve out the remainder of her term. If it appears that she has reached her majority, this fact should be certified to the Board of Prison Commissioners.

Judgment reversed, and cause remanded for further proceedings consistent herewith