## Henson v. Commonwealth.

### (Decided May 31, 1912.)

### Appeal from Knox Circuit Court.

1. House of Reform—Who Not Deprived of Benefit of Statute.— Under section 2095 (19a) of the Kentucky Statutes, which provides that juvenile or first offenders of the age of twenty-one years or under, who commit a crime, the punishment of which is confinement in the State prison or School of Reform, shall be sentenced to the House of Reform, a person under the age of 21 years, who stands convicted of manslaughter, and who has theretofore committed a misdemeanor by shooting at random upon the public highway, is not thereby deprived of the benefit of the statute.

2. House of Reform—To Deprive First Offender of—Crime Must be
Felony.—A "crime" which will deprive a juvenile or first offender
under the age of twenty-one years of the right to be confined in
the House of Reform instead of the penitentiary, under section
2095 (19a) of the Kentucky Statutes, must be a felony, and not
a mere misdemeanor.

HIRAM H. OWENS, S. T. STEELE and H. C. FAULKNER, JR.,
for appellant.

JAMES GARNETT, Attorney General, M. M. LOGAN, Assistant
Attorney General for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing

The appellant, Frank Henson, a minor, having been
tried in the Knox Circuit Court for the murder of James
Gray, and found guilty of the offense of manslaughter,
moved that he be committed to the House of Reform
during his minority.

Section 2095 (19a) of the Kentucky Statutes, pro-
vides, in part, as follows:

"That any and all juvenile or first offenders of the
age of 21 years or under committing any crime whereby
punishment in the State Prison or School of Reform is
contemplated, shall be sentenced by Court of Jurisdic-
tion to the House of Reform, and commitment and
method of conveying said offenders thereto shall be the
same as to the State Penitentiaries."

Evidence having been heard by the court upon the
questions of appellant's age and his former offense, the
court entered the following judgment:

"This cause being before the court on motion to com-
mit the defendant to the Reform School, and the court
having heard the evidence for both plaintiff and defend-
ant, and having considered same, finds that the defend-
ant has been heretofore convicted of shooting at random
upon the public highway, and is not, therefore, a first
offender. And the court finds that the defendant is less
than twenty-one years of age, and said motion to commit
to the House of Reform is, therefore, overruled, to
which the defendant excepts."

From an order overruling appellant's motion for a
new trial he prosecutes this appeal, and asks that the
judgment above set out be reversed, and his motion sus-
tained.

It will be noticed the judgment finds that Henson was
less than 21 years of age, but does not expressly de-

termine his age. The preponderance of the evidence, however, shows that appellant was born March 8, 1896, and that he is, therefore, slightly more than 16 years of age. For the purpose of executing the judgment we fix his birth on March 8, 1896.

The evidence further shows that Henson had theretofore been convicted of a misdemeanor, which consisted of shooting at random upon the public highway, for which he had been fined $75. The question, therefore, for determination, is this: Is the commission of a misdemeanor such a "crime" as will deprive the appellant of the benefit which the statute affords to first offenders, by enabling them to be sent to the School of Reform instead of to the penitentiary?

In speaking of crimes and misdemeanors, Blackstone says:

"A crime or misdemeanor, is an act committed, or omitted, in violation of a public law, either forbidding or commanding it. This general definition comprehends both crimes and misdemeanors; which, properly speaking, are mere synonymous terms; though in common usage, the word 'crimes' is made to denote such offenses as are of a deeper and more atrocious dye; while smaller faults and omissions of less consequence are comprised under the gentler name of 'misdemeanors' only." 4 Comm., 5.

Section 1127 of the Kentucky Statutes classifies offenses as follows:

"Offenses are either felonies or misdemeanors. Such offenses as are punishable with death or confinement in the penitentiary are felonies. All other offenses, whether at common law or made so by statute, are misdemeanors."

A strict interpretation of the term "crime" would include misdemeanors; but as used in the section of the statute first above quoted, the term "crime" clearly means a felony, since it speaks of a crime for which punishment in the State prison is contemplated. Under section 1127 only felonies are so punished; and, under section 1308 of the Kentucky Statutes, shooting on a public highway is made a misdemeanor, punishable by fine and imprisonment in the county jail. The question above propounded must, therefore, be answered in the negative.

In Washington v. Commonwealth, 143 Ky., 602, we held that the foregoing provision of the statute requir-

ing confinement in the House of Reform of minor of-
fenses is mandatory, and that the trial court was with-
out power to deny it. That ruling was followed in Calico
v. Commonwealth, 145 Ky., 647, where we further said
that it was the duty of the trial court, whenever the
facts brought the case within the terms of the statute,
to make an order directing the offender to be transferred
to the House of Reform, there to be detained until he
shall have reached his majority, and then returned to
the penitentiary to serve out the remainder of the term
of imprisonment. It follows, therefore, that appellant's
motion should have been sustained.

The judgment of the circuit court is reversed, with
instructions to set it aside, and enter an order in con-
formity with this opinion.