## Fuson, et al. v. Commonwealth.

(Décided January 16, 1917.)

### Appeal from Whitley Circuit Court.

1. Indictment and Information—Sufficiency—Larceny.—An indictment for stealing chickens of the value of more than two dollars is sufficient, although, in naming the offense, it uses the words "grand larceny" in connection with other words which properly describe the offense, the indictment as a whole being sufficient to apprise the defendants of the crime charged against them. ·

2. Criminal Law—Instructions—Appeal and Error.—It is error to fail to instruct the jury under the indeterminate sentence law, the crime having been committed while that law was in force, but a reversal will not be ordered therefor unless the defendant's substantial rights were prejudiced thereby.

3. Infants—Commitment to House of Reform.—Under section 2095 Kentucky Statutes the court is authorized to commit a minor convicted of crime to the house of reform during his minority, rather than to the penitentiary for the time fixed in the verdict.

4. Infants—Commitment to House of Reform.—Whenever it is brought to the attention of the court after trial, that the defendant is a minor, it is the duty of the court to hear proof of and determine his age, and, his infancy having been established, to sentence him to the house of reform during his minority, rather than to the penitentiary for the term fixed in the verdict.

5. Infants—Evidence as to Age.—The judgment reciting that upon evidence heard, the defendant is shown to be an infant, this court will assume that evidence was heard and that it sustains the judgment, although the transcript of the evidence heard at the trial does not disclose such evidence, as the court is authorized to hear evidence of the age of such a defendant after trial.

6. Criminal Law—Evidence.—A note executed by the defendant to the party from whom he is accused of having stolen chickens, in payment therefor, is admissible as evidence against him upon the trial of the charge.

7. Criminal Law—Larceny of Chickens—Criterion of Value.—The market value of chickens alleged to have been stolen, and not the price for which they were sold or their value for a particular purpose, is the correct criterion of value.

ROSE & POPE for appellants.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On the 12th day of October, 1916, an indictment was returned in the Whitley Circuit Court against appellants, Tom Ned Fuson and Joe Fuson, accusing them of:

"Grand larceny by stealing chickens of value of more than two dollars, committed in the manner and form as follows,-viz.: The said Tom Ned Fuson and Joe Fuson on the 10th day of October, 1916, before the finding of this indictment and in the county and state aforesaid, did unlawfully, wilfully and feloniously take, steal and carry away chickens of the value of more than two dollars, the personal property owned jointly by Esom Davis and Mike Wilson, with the felonious and fraudu-

lent intent then and there to convert the same to their own use, and to permanently deprive the said Davis and Wilson of their property therein, and that without the consent of the said Davis and Wilson.''

Upon a trial defendants were found guilty, and their punishment fixed by the jury at confinement in the penitentiary for one year and one day. Their motions for a new trial having been overruled, the court entered a judgment against Tom Ned Fuson, ordering his confinement in the state penitentiary at Frankfort for an indeterminate period of not less than one year nor more than one year and one day, and a judgment against defendant, Joe Fuson, adjudging that he was eighteen years of age on the 10th day of October, 1916, and committing him to the house of reform for boys at Greendale until he arrives at the age of twenty-one years. To reverse these judgments this appeal is prosecuted.

1. The first objection urged is that the court erred in overruling the demurrer to the indictment, it being insisted that the indictment accuses the defendants of the crime of grand larceny, whereas it describes the offense as that of stealing chickens of the value of more than two dollars. It is argued that the crime charged is that of grand larceny, denounced under section 1194 of the Kentucky Statutes, while the acts described by the indictment and in the proof constitute the offense of stealing chickens of the value of more than two dollars, a distinct offense, denounced by section 1201c of the statutes, and that the defendants were, therefore, accused of one, but tried and convicted of another crime.

This court considered the same question, upon similar facts, in the case of De Boe v. Commonwealth, 146 Ky. 696, in which the indictment charged the defendant with the offense of being an accessory before the fact to ''feloniously, wilfully and maliciously committing arson, by setting fire to and burning the storehouse of Herman Friedman.'' It was argued in that case that, since arson and house-burning are distinct offenses and separately treated under our statutes, the indictment was insufficient to support a charge of house-burning, because of the use of the word ''arson'' in the accusatory part of the indictment. This court, in disallowing the claim that the indictment was insufficient on that ground, said:

"But the meaning of the charge as a whole is clear. He is accused of being an accessory before the fact to the felonious burning of the storehouse and that this is called arson does not affect the sufficiency of the indictment. The facts are shown. The error of law does not vitiate the rest of the charge. The indictment sets out fully all the facts as to the commission of the offense and the defendant could not be misled by it when read as a whole."

The facts are entirely similar here, and what is said in that case applies with equal force to this, and the trial court did not err in overruling the demurrer to the indictment.

2. It is next urged that the following instruction given by the court, is erroneous and prejudicial, to-wit:

"If upon the whole case you have a reasonable doubt from the evidence of the defendants, or either of them, having been proven guilty, then you should find them, or the one about whom you entertain such doubt, not guilty."

The defendants did not testify and it is insisted that, by the wording of this instruction, the reasonable doubt which would prevent a conviction was limited to such a doubt as the jury might entertain from the evidence of the defendants, and that, as the defendants did not themselves testify or offer any testimony in their behalf, the jury could not have had any reasonable doubt from their testimony, and the defendants were, therefore, denied the benefit of the reasonable doubt of their guilt from the evidence heard by the jury. The instruction properly punctuated does not seem to us to be subject to this construction; but, even if it be conceded that it would have been in better form if it had read, "If you, upon the whole case, have a reasonable doubt from the evidence *that* the defendants, etc.," rather than, "If upon the whole case you have a reasonable doubt from the evidence *of* the defendants, etc.," as insisted by counsel, we are sure that the jury could not have been misled by the instruction and that the verdict was not the result of their failure to give the defendants the benefit of any reasonable doubt, from the evidence heard, of their guilt.

3. The offense is alleged and proven to have been committed in March, 1916, at which time section 1136 of

the Kentucky Statutes, known as the indeterminate sentence law, was in effect, but the jury were instructed under the law enacted at the 1916 session of the Kentucky Legislature, which repealed the indeterminate sentence law, but which did not become effective until June, 1916.

Defendants were entitled to be tried under the law in force when the offense was committed, and it was error for the court to instruct the jury under the law that did not become effective until June, 1916. Coleman v. Commonwealth, 160 Ky. 87, Albritten v. Commonwealth, 172 Ky. 274; Teague v. Commonwealth, 172 Ky. 665; Kentucky Statutes, section 465.

But it has been held by this court that a reversal can not be ordered because of this error, under section 340 of the Criminal Code, unless defendant's substantial rights have been prejudiced thereby. Futrell v. Commonwealth, 141 Ky. 310; Pipes v. Commonwealth, 148 Ky. 174; Waters v. Commonwealth, 171 Ky. 457. The penalty for the crime of which defendants were charged is fixed at confinement in the penitentiary for not less than one year nor more than five years. Had the jury been properly instructed under the indeterminate sentence law, having found defendants guilty, they would have had to fix a minimum term and a maximum term for their confinement in the penitentiary, not less than one year nor more than five years, and the least punishment they could have fixed would have been an indeterminate period of not less than one year nor more than one year and one day.

The trial court, when he came to pronounce judgment against defendants, having evidently discovered the error in this instruction, sentenced the defendant, Tom Ned Fuson, to confinement in the penitentiary for the indeterminate period of not less than one year nor more than one year and one day, which is the least punishment that could have been inflicted by the jury; and defendant was, therefore, not prejudiced by the instruction, and, under the authorities cited above, is not entitled to a reversal therefor.

As to the other defendant, Joe Fuson, a different question is presented. The record contains a complete transcript of the evidence heard upon the trial before the jury, in which there is no evidence whatever as to his age, yet the judgment against him adjudges that he

was eighteen years of age on the 10th day of October, 1916, and commits him to the house of reform for boys until he becomes twenty-one years of age. This judgment was authorized upon the verdict, under section 2095b of the Kentucky Statutes, if Joe Fuson was twenty-one years of age or under when the crime was committed, as he is adjudged to have been. This court in the cases of Washington v. Commonwealth, 143 Ky. 602, and Calico v. Commonwealth, 145 Ky. 641, held that the juvenile act is mandatory in its provisions that infants convicted of crime shall be confined in the reform schools rather than the penitentiary, and that proof of the age of a convicted juvenile may be heard by the court after trial. The trial court was, therefore, not only authorized, but it was its duty, when the matter was brought to its attention, to hear proof of and determine the age of defendant, and enter a judgment in accordance therewith. The judgment recites that the age of defendant, as fixed, was shown by evidence heard, and, in the absence of a showing to the contrary, this court will assume that the evidence was heard by the court after trial, and that it sustains the finding as to defendant's age, which also sustains the judgment for his confinement in the house of reform during his minority.

4. Defendants also complain that incompetent evidence was admitted, over their objection, and that the verdict is contrary to the evidence. The admitted evidence of which complaint is made is a note for three dollars, which it is proven Tom Ned Fuson executed to the owners of the stolen chickens, for the amount which they claimed to be the value of the chickens, in payment for same. The note was clearly competent against defendant, Tom Ned Fuson. Counsel cite no authority to sustain their contention, and we know of no rule of law which would exclude this evidence.

The basis for the contention that the verdict is contrary to the evidence is the fact that the defendant, Tom Ned Fuson, sold the three chickens for one dollar and twenty-five cents, and the evidence of the party to whom he sold them, that, for eating purposes, they were worth fifty or sixty cents each; but it is proven, by at least two witnesses, that the stolen chickens were hens of fine stock, used for breeding purposes, and that they were of the reasonable market value of one dollar each.

Their market value, and not the price at which they were sold or their value for eating purposes alone, was the proper standard, and the jury were authorized upon the evidence in finding that the stolen chickens were worth more than two dollars.

For the reasons indicated, the judgments against both Tom Ned Fuson and Joe Fuson are affirmed.