## Middleton v. Commonwealth.

### (Decided January 26, 1923.)

### Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—Sufficiency of Indictment.—An indictment is not defective because it does not show on its face that the offense was committed within a year theretofore, where it alleges the offense was committed within a year before the finding of the indictment, and the date the indictment was returned is endorsed thereon, and also shown by order of court filing it.

2. Indictment and Information—Sufficiency of Indictment.—An indictment charging the defendant with the offense of "transporting liquor" by unlawfully and wilfully transporting "spirituous, vinous intoxicating liquors, etc.," does not in the accusative part violate section 124 of the code requiring same to be direct and certain.

3. Criminal Law—Trial of Misdemeanor—Waiving Written Instructions.—A defendant upon trial for a misdemeanor may waive his right to written instructions, and does so unless he objects at the time to their being given orally, and the question cannot be raised for the first time in the motion for a new trial.

4. Criminal Law—Instructions.—An instruction which erroneously fixed the minimum fine at $100.00 instead of $50.00 was not prejudicial where defendant was fined $150.00, which is less than the maximum correctly stated in the instruction.

5. Criminal Law—New Trial.—Evidence of a witness subpoenaed but not introduced by defendant not sufficient ground for new trial.

J. B. SNYDER and SNYDER & ADKINS, for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The indictment under which appellant was tried and convicted charged him with the offense of "transporting liquor" alleged to have been committed in the manner and form as follows: "Said Calvin Middleton did, in Harlan county, Kentucky, and within one year next before the finding of this indictment, unlawfully and wilfully transport spirituous, vinous, intoxicating and malt liquors, and same was by him transported not for sacramental, medicinal, scientific nor mechanical purposes."

The first complaint is that the court erred in overruling his demurrer to the indictment, which he insists is fatally defective in both the accusative and descriptive parts thereof—in the accusative part because it does not charge an offense, and in the descriptive part because it does not sufficiently show that the offense, if any, was committed within a year before the finding of the indictment. The date of the indictment does not appear upon its face, but it does appear by order of court filing it, as well as by endorsement upon its back, which recites that it was:

"Received from the hands of the grand jury in the presence of the grand jury, and filed in open court on the 4th day of January, 1922.

"(Signed) F. M. JONES, Clerk
J. L. CREECH, D. C."

This latter contention is so patently without merit that we shall discuss only the former.

By the terms of section 124 of the Code, an indictment must be direct and certain as to the offense charged, as well as in describing the particular acts constituting the offense charged, and under the many decisions of this court, if it fails in either of these particulars, it is not good upon demurrer. But by reason of section 122 of the Code, it is only necessary to state the offense and the particular acts constituting it "in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case." Elliott v. Commonwealth, 194 Ky. 576;

Foreman v. Commonwealth, 195 Ky. 758; Collins v. Commonwealth, 195 Ky. 745.

And by section 137 of the Code it is provided:

"The words used in the indictment must be construed according to their usual acceptation in common language, except words and phrases defined by law, which are to be construed according to their legal meaning."

Section 2554a-1 of the 1922 edition of the statutes makes it unlawful to transport "spirituous, vinous, malt or intoxicating liquors" except for named purposes, and it is under this act passed at the 1920 session of the legislature that the indictment was drawn.

The insistence for appellant is that the charge of "transporting liquor" does not sufficiently describe the offense defined by this statute to comply with the above provisions of the Code. While it is true, of course, as urged, that there are many liquors other than spirituous, vinous, malt and intoxicating liquors, and which may be transported lawfully, that fact of itself is not sufficient to render the indictment fatally defective, if the word "liquor" by itself, according to its usual acceptation in common language, is such as to enable a person of common understanding to know that intoxicating liquor only was intended, since, as we have seen, this is all that is required.

That the word "liquor" and the words "intoxicating liquor" are commonly used synonymously is a matter of common knowledge, and that such was its use here, it seems to us, must have been understood by any person of common understanding, and in our judgment the court did not err in overruling the demurrer to the indictment.

The next insistence is that the court erred in instructing the jury orally, but it does not appear from the record except in the motion and grounds for a new trial that the court so instructed the jury, or that for this reason the defendant objected thereto. This court has uniformly held that upon a trial for a misdemeanor the defendant may waive his right to written instructions, and does so unless he objects at the time to their being given orally, and that the question cannot be raised for the first time in the motion for a new trial. Hence there is no merit in this contention. M. & O. R. R. Co. v. Commonwealth,

122 Ky. 435, 92 S. W. 299; Whittaker v. Commonwealth, 188 Ky. 95, 221 S. W. 215; Estes v. Commonwealth,. 194 Ky. 478; Siler v. Commonwealth, 195 Ky. 829.

It is further contended that the instructions given were prejudicially erroneous because they authorized a minimum fine of $100.00, as provided by the 1922 prohibition act rather than a minimum of $50.00, as provided by the 1920 act, under which the indictment was found. While this was error, it is clear that the appellant was not prejudiced thereby, because the jury fixed his fine at $150.00, which shows conclusively that they had no desire to fix his fine at less than $150.00, and that they would not if they could, have fixed it at less than $100.00.

The final complaint is that a new trial should have been granted upon the ground of newly discovered evidence, but there is no merit in this contention, since appellant knew of this evidence, and the name of the witness by whom he desires by a new trial to prove it, as well before the trial as he did after, and before the trial had the witness subpoened but did not use him if present, as presumably he was, or if absent, ask a continuance because thereof.

Judgment affirmed.