## Traughber v. Commonwealth.

(Decided April 13, 1923.)

### Appeal from Logan Circuit Court.

1. Indictment and Information—Venue Held Sufficiently Alleged.—Indictment reciting that charge was made by grand jury of L. county, and alleging that the offense of possessing intoxicating liquor was committed in the "county aforesaid," sufficiently alleged that it was committed in L. county.

2. Indictment and Information—Not Indirect or Uncertain When explicit Enough to Show Offense Charged and Enable Court to Pronounce Judgment.—Criminal Code of Practice, section 124, requiring indictment to be direct and certain, is complied with when language of indictment is sufficiently explicit to apprise accused of the offense charged, and to enable the court to pronounce judgment according to the right of the case.

3. Criminal Law—Error in Admitting Evidence not Considered Without Objection or Exception.—Where no objection was made to incompetent testimony or exception taken to its admission, the error will not be considered on appeal.

4. Criminal Law—Failure of Charge to Mention State in Referring to Place of Offense Held not Prejudicial.—Instruction referring to commission of offense in L. county, but not mentioning the state,

was not prejudicial where all the evidence showed the offense was committed in L. county, Ky., and the jury could not have understood that any other county of that name was referred to.

S. R. CREWDSON and O. M. SMITH for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

J. D. Traughber was convicted in the Logan circuit court of the offense of unlawfully having in his possession intoxicating liquor not for the permissible purposes denominated in the statute. He has appealed from the judgment, insisting: (1) That the indictment is defective; (2) that the trial court erred in admitting incompetent testimony prejudicial to his rights; and (3) that the instructions are erroneous.

The first criticism of the indictment is that its averments are deficient in the elements necessary to the statement of an offense, in that the descriptive part of it does not allege that the offense was committed in Logan county. The objection is unsustainable, since in the accusative part of the indictment Traughber was charged by the grand jury "of the county of Logan" with having in his possession spirituous, vinous, malt and intoxicating liquors not for sacramental, medicinal, mechanical or scientific purposes, and in the descriptive part it was alleged that he committed the offense in the "county aforesaid."

Nor is the indictment defective because of indirectness or uncertainty, as contended by appellant. Section 124 of the Criminal Code requires that an indictment be direct and certain as to the party charged, the offense charged, the county in which the offense was committed, and the particular circumstances of its commission. It has been uniformly held by this court that the requirements of the Code are complied with where the language of the indictment is explicit enough to apprise the accused of the offense with which he is charged, and to enable the court to pronounce judgment on conviction according to the right of the case. Forman v. Commonwealth, 195 Ky. 758; Middleton v. Commonwealth, 197 Ky. 422. The indictment fully meets these requirements.

The evidence complained of consists of statements of fact made by one of the prosecuting witnesses which were based on information obtained from another. This testimony was incompetent, but the record does not show that any objection was made to it nor any exception taken to its admission. It is the rule that unless an objection is interposed at the time the incompetent testimony is offered, and an exception taken to its admission, the error in admitting it will not be considered by this court. Dukes v. Commonwealth, 196 Ky. 60; Sorrels v. Commonwealth, 197 Ky. 761.

The instruction on which the conviction was based is criticised because it failed to fix the situs of the offense, if one was committed, in the state of Kentucky—that is, in referring to the commission of the offense in Logan county, the instruction failed to designate that county as located in this state. This contention is too patently unsound for discussion. It is sufficient to say that the omission under no imaginable state of case could have prejudiced appellant's rights, for the jury could not but understand that Logan county referred to the county of that name in Kentucky, where, according to all the evidence, the offense was committed. There is likewise no merit in the suggestion that the evidence does not support the verdict. There is ample evidence to sustain it; and, there being no errors in the record prejudicial to appellant's rights, the judgment is affirmed.