## Lakes v. Commonwealth.

(Decided June 15, 1923.)

### Appeal from Madison Circuit Court.

1. Seduction—Accusation of "Seduction" Held Sufficient in View of Descriptive Part of Indictment.—The accusative part of an indictment charging the crime of seduction, followed by a descriptive part charging seduction under a promise to marry prosecutrix,

as defined by Ky. Stats., section 1214, is sufficient, without referring to the promise of marriage, to give the accused certain and direct information of the crime charged as required by section 124, Criminal Code of Practice, when construed with section 122, making it sufficient to state the facts constituting the offense, so as to enable a person of common understanding to know what is intended; since the word "seduction" as generally used is accepted as referring to illicit intercourse between a man and woman, and, when in the descriptive part the manner of committing that crime is described, it would be ultra technical to say accused did not know of the offense so charged.

2.  Criminal Law—Failure of Instructions to Require Finding Offense was Committed Within County Held Not Prejudicial.—The failure of an instruction to require that an offense was committed within the county as charged in the indictment was not so prejudicial as to require reversal of the conviction, where the evidence showed it was committed in that county and referred to several well known local places in that county, and there was no controversy as to the place where it was committed.

3.  Seduction—Instruction Requiring Finding of Act Without Using Term "Seduced" Held Not Misleading.—An instruction requiring the jury to believe beyond a reasonable doubt that defendant unlawfully and feloniously committed the act under a promise to marry prosecutrix was not misleading because it failed to use therein the word "seduced," since "seduction" consists in the unlawful and felonious act brought about by a promise to marry.

4.  Criminal Law—Reference by Prosecuting Attorney to Exclusion of Evidence Held Not Prejudicial.—In a prosecution for seduction, where defendant's counsel had referred to the delay in instituting the prosecution, a statement by the prosecuting attorney, referring to a question as to the birth of a child to which objection had been sustained, that if the evidence he offered to introduce had not been objected to, the Commonwealth would have shown the reason why the prosecution was not sooner started, which statement was excluded from the jury on objection by defendant was not so prejudicial as to require reversal since it was in a sense brought out by the argument for defendant and its nature was not such as to be prejudicial.

G. MURRAY SMITH for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was charged in an indictment with the crime of seduction, and upon his trial was found guilty and his punishment fixed at two years in the penitentiary.

Upon this appeal he is relying upon three alleged errors of the trial court for reversal:

(a) Because the court erred in overruling his demurrer to the indictment.

(b) Because instruction one was incomplete and insufficient; and

(c) Because of alleged misconduct of the attorney for the Commonwealth in the argument of the case.

(a) The complaint of the indictment is that it is not direct and certain as to the offense charged, as is required by section 124 of the Criminal Code. The language of the indictment in the accusatory part is, "The grand jury of Madison county, in the name and by the authority of the Commonwealth of Kentucky, accuse Ted Lakes of the crime of seduction committed as follows," and then follows the descriptive part of the indictment wherein the defendant is charged with seducing and having carnal knowledge of Blanche Riddle, a female under twenty-one years of age, under a promise to marry her.

The prosecution is under section 1214, Kentucky Statutes, wherein it is provided that,

"Whoever shall, under promise of marriage, seduce and have carnal knowledge of any female under twenty-one years of age, shall be guilty of a felony."

The argument of counsel is that there is no such offense as seduction, but the crime denounced by the statute is "seduction under promise of marriage," and that, therefore, the indictment is not certain and direct as to the offense charged within the meaning of section 124, Criminal Code. In the case of Brooks v. Commonwealth, 98 Ky. 143, this court held that an indictment charging the defendant with "the offense of suffering and permitting —— on his premises," charged no offense whatever and was therefore insufficient under section 124. Likewise this court held in the case of Bennett v. Commonwealth, 150 Ky. 604, that an indictment wherein the grand jury "Accuse Maynard Bennett and Joe Bennett of the crime of *Maynard Bennett and Joe Bennett,*" charged no crime whatever, and was insufficient upon which to base a plea of former jeopardy.

It will be seen in those cases that the defendants were charged with nothing, while in this case the defendant is charged with the crime of seduction, which is the customary and usual way of speaking of and describing the

statutory crime of "seduction under promise of marriage." Section 122 of the Criminal Code, being a part of the same article which embraces section 124, requires only that an indictment shall contain:

"A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case."

We have, then, a case where the defendant in the accusatory part of an indictment is charged with seduction, but there is omitted in that part of the indictment the charge that it was committed under promise of marriage; in the descriptive part of the indictment we have the averment that the seduction charged was committed under promise of marriage. Now, construing section 124 and section 122 together, we have the requirement that the crime charged must be direct and certain, and we have a provision in section 122 that a statement of the acts constituting the offense, if made in ordinary and concise language and in such manner as to enable one of common understanding to know what is intended, shall be sufficient.

The word "seduction" as generally used, particularly in criminal prosecutions, is accepted by the public as having reference to illicit carnal intercourse between a man and a woman, and therefore when in an indictment a man is charged with seduction, and thereafter in the same indictment his manner of committing that crime is described, it would seem to be ultra technical to say that he did not understand from that language the nature of the charge against him.

To be sure under our statute there can be no crime of seduction except under promise of marriage, but from that it does not follow that one of ordinary intelligence when notified by an indictment that he is charged with seduction may not understand that he is charged with seduction under promise of marriage, and particularly when the descriptive part of the indictment makes that plain to him.

While we cannot and do not approve of such loose criminal pleading, under the liberal rule of interpretation laid down in section 122 of the Criminal Code we do not think the court erred in overruling the demurrer.

Commonwealth v. Gef, 1 R. 281; Overstreet v. Commonwealth, 147 Ky. 471. Middleton v. Comlth., 197 Ky. 422.

(b) Instruction one, authorizing the conviction of appellant, failed to require the jury to believe beyond a reasonable doubt or at all that the crime was committed in Madison county, and it is earnestly insisted that this was error which necessitates a reversal.

The indictment charges the crime to have been committed in Madison county, and the evidence shows not only that it was committed in Madison county but refers to several well known local places in that county, and it would be extremely technical to reverse this judgment merely because of the oversight in the instruction, when in fact there is no real controversy as to the place of the occurrence, and nothing in the evidence or the whole record to suggest that it occurred elsewhere.

The ultra technical rules of pleading and practice in criminal cases prevailing under the common law, and under the older practice in this state, have within the last few years been materially modified, and there is no longer a tendency by the courts of this state to adhere to the strict and technical rules governing such matters, unless it is necessary to protect a defendant in his rights under the law and guarantee to him a fair and impartial trial.

It would be farcical under the state of this record to say that the failure in this instruction to require the jury to believe that the offense was committed in Madison county was such an error as was prejudicial to appellant's substantial rights, when there is no controversy on that issue and no contrariety in the evidence on the subject. Traughber v. Commonwealth, 198 Ky. 596.

But it is further complained of the instruction that it does not even require the jury to believe that the prosecuting witness was seduced. The instruction does require the jury to believe beyond a reasonable doubt that defendant "Unlawfully and feloniously had carnal knowledge of and sexual intercourse with Blanche Riddle, a female under the age of twenty-one years, under a promise to marry said Blanche Riddle."

No distinction can be drawn between unlawful and felonious intercourse with a woman under a promise of marriage and seduction. The seduction consists in the unlawful and felonious intercourse brought about by a promise to marry, and while it might have been better to

use the word "seduced" in the instruction, the use of the language that was used in no sense misled the jury.

(c) The prosecuting witness testified that the offense was committed in July, 1922, and the evidence showed that the examining trial of defendant was had in February, 1923.

The defendant's counsel in his argument called attention to the fact that although the crime was committed in July of one year that no prosecution was instituted until February of the next year. In reply to that statement the attorney for the Commonwealth stated that if certain evidence he had offered to introduce had not been objected to by defendant the Commonwealth would have shown the reason the prosecution was not sooner started. This statement of the attorney for the Commonwealth evidently had reference to a question he had asked the prosecuting witness as to the birth of a child to her, to which question an objection was sustained.

The trial court, after the objection of counsel for the defendant, excluded from the jury the statement objected to and in effect directed them not to consider it.

In the first place the statement by the attorney for the Commonwealth was in a sense brought out by the argument of counsel for defendant, and in the next place the nature of the statement was such that after exclusion by the trial court it cannot be said to have been prejudicial.

On the whole case we see no error prejudicial to appellant's substantial rights and the judgment is therefore affirmed.