---

## Garrison and Sayers, Jr. v. Commonwealth.

(Decided September 28, 1923.)

### Appeal from Bracken Circuit Court.

1. Intoxicating Liquors—Indictment Sufficient to Apprise Accused of the Charge Against Them.—An indictment charging the offense of "having in possession liquor unlawfully in violation of the Kentucky prohibition law," was sufficient to apprise accused of the charge against them under Criminal Code of Practice, section 124, as against the contention that the charge "having in possession liquor" does not necessarily mean intoxicating liquor.

2. Indictment and Information—Intoxicating Liquors—Indictment Held to Sufficiently Negative Exceptions in Statutes—Negativing Exception in Accusatory Part Unnecessary.—An indictment affirmatively charging that liquors were to be used for beverage purposes was not open to the objection that it did not properly negative the exceptions in the statute which allows the use of intoxicating liquors for "sacramental, scientific, medicinal or mechanical pur-

poses," and in this connection it is not necessary to set forth the exceptions in the accusatory part of the indictment.

W. A. BYRON for appellant.

THOS. B. McGREGOR, Attorney General, EDWARD L. ALLEN, Assistant Attorney General, and B. S. BRANNIS, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

The indictment accuses appellants, Garrison and Sayers, Jr., of the offense of "having in possession liquor unlawfully in violation of the Kentucky prohibition laws," and they were found guilty and each fined $100.00 and given thirty (30) days in jail. They appeal.

A general demurrer was interposed to the indictment and overruled by the court. Appellants contend this was error. It is said that the accusatory part, above quoted, of the indictment was insufficient to apprise appellants of the charge against them under section 124 of the Criminal Code, which requires that the indictment must be direct and certain as regards the party charged, the offense charged, the county in which the offense is committed and the particular circumstances of the offense charged, if they be necessary to constitute a complete offense. Appellants insist that the indictment violates the second requirement of the Code section stated above in that the indictment is not direct and certain as regards the offense charged. In making this contention appellants say that the charge "having in possession liquor" does not necessarily mean intoxicating liquor, and if the liquor possessed by appellants was not intoxicating, then the prohibition statute was not violated. When the expression "having in possession liquor" is coupled with the balance of the accusatory part of the indictment "unlawfully in violation of the Kentucky prohibition law," we are of opinion that any person with common understanding would readily comprehend the meaning of the charge and would be in position to prepare and make defense and the court could readily pronounce judgment in case of conviction. No one would be or could be misled by the expression "having in possession liquor unlawfully in violation of the Kentucky prohibition law," especially when read in connection with the balance of the indictment,

which charges that appellants on a named day "did unlawfully have in their possession certain spirituous, vinous, malt and intoxicating liquors, to-wit, moonshine whiskey, in quantity about five (5) gallons, to be used as beverage and not to be used for sacramental, scientific, medicinal or mechanical purposes."

In the recent case of Middleton v. Commonwealth, reported in 197 Ky. 422, we had the same question and in answering the contention there we said:

"The insistence for appellant is that the charge of 'transporting liquor' does not sufficiently describe the offense defined by this statute to comply with the above provisions of the Code. While it is true, of course, as urged, that there are many liquors other than spirituous, vinous, malt and intoxicating liquors, and which may be transported lawfully, that fact of itself is not sufficient to render the indictment fatally defective, if the word 'liquor' by itself, according to its usual acceptation in common language, is such as to enable a person of common understanding to know that intoxicating liquor only was intended, since, as we have seen, this is all that is required.

"That the word 'liquor' and the words 'intoxicating liquor' are commonly used synonymously is a matter of common knowledge, and that such was its use here, it seems to us, must have been understood by any person of common understanding, and in our judgment the court did not err in overruling the demurrer to the indictment."

It is also argued by appellants that the indictment is defective in that it does not properly negative the exceptions in the statute which allows the use of intoxicating liquors for "sacramental, scientific, medicinal or mechanical purposes." This insistence is not maintainable for the indictment affirmatively charges that the liquors were to be used for beverage purposes. It is not necessary to set forth the exceptions in the accusatory part of the indictment.

Finding no error prejudicial to the substantial rights of appellants the judgment is affirmed.

Judgment affirmed.