## Austin v. Commonwealth.

(Decided January 18, 1924.)

### Appeal from Warren Circuit Court.

1. Homicide—Instruction Upon Malicious Cutting in Sudden Affray Proper in Prosecution for Malicious Cutting With Intent to Kill.— The offense of cutting in sudden heat and affray denounced by Kentucky Statutes, section 1242, is a degree of the crime of malicious cutting with intent to kill denounced by section 1166, and it is proper under an indictment charging the graver offense to instruct upon both, if the evidence warrants it.

2. Criminal Law—Evidence Presumed to Warrant Instructions.— Where the evidence is not before the appellate court, it must be assumed that it warranted the instructions given.

3. Criminal Law—Technical Deficiency in Accusatory Part of Indictment Not Ground for Reversal.—Technical deficiency in the accusatory part of an indictment is not a sufficient ground for a reversal, where the indictment as a whole charges the offense with which the defendant was tried and convicted, with sufficient clear-

ness and certainty to enable a person of good understanding to know what the charge was, and to enable the court to pronounce judgment thereon, under Criminal Code of Practice, sections 122, 124, 340.

4.  Criminal Law—Indictment for Malicious Cutting with Intent to Kill Held Sufficient Within Technical Error Statute.—A conviction for malicious cutting in sudden affray under Kentucky Statutes, section 1242, a degree of the crime of malicious cutting denounced by section 1166 will not be reversed on the ground that indictment only charged assault and battery by using the words "did unlawfully, wilfully and maliciously stab, cut, strike S. upon his body and person with a knife, etc.," in view of Criminal Code of Practice, section 340, relating to errors not prejudicial, notwithstanding Criminal Code of Practice, sections 122, 124.

GARDNER, OLIVER & DIXON for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The indictment in this case reads as follows:

"Warren Circuit Court, September Term, 1922.
"Indictment.

"The Commonwealth of Kentucky,

Against

Hack Austin.

"The grand jury of the county of Warren, in the name and by the authority of the Commonwealth of Kentucky, accuse Hack Austin of the crime of malicious striking and wounding, committed as follows, to-wit: The said Hack Austin heretofore, to-wit, on the — day of ———, 192—, and before the finding of this indictment, in the county aforesaid, did unlawfully, wilfully and maliciously stab, cut, strike Sam Cameron upon his body and person with a knife, a deadly weapon, thereby wounding, cutting and lacerating the said Cameron, with the felonious intent thereby to kill the said Cameron, but from the effects of which cutting, stabbing and striking the said Cameron did not die.

"Contrary to the form of the statutes made and in such cases provided.

"Done as aforesaid within the year last past, and against the peace and dignity of the Commonwealth of Kentucky.                                "JOHN A. LOGAN,

Commonwealth's Attorney,
Eighth, Kentucky."

There was no demurrer to the indictment, and when the case was called for trial both parties announced ready. At the conclusion of the evidence, the court instructed the jury, in accordance with the provisions of section 1166 of the statutes, to find the defendant guilty if they believed from the evidence beyond a reasonable doubt that he "did unlawfully, wilfully and maliciously, and not in his necessary or apparently necessary self-defense, cut, stab, and wound Sam Cameron upon his body and person with a knife, a deadly weapon, with the intention of killing Sam Cameron, but from the effects of said cutting and stabbing said Cameron did not die," but that if they believed that the cutting was not done maliciously but in sudden affray or sudden heat and passion, they would find him guilty of the lesser offense, denounced by section 1242 of the Kentucky Statutes.

They were further instructed upon the questions of self-defense, reasonable doubt, and the meaning of technical words employed. The defendant objected and excepted to the instructions given, and his sole ground for reversal of the judgment convicting him of the lesser of the two offenses described in the instructions is, that the indictment charges only assault and battery, and that as a consequence the court erred in instructing the jury upon the statutory crimes defined by sections 1166 and 1242 of the statutes.

We have frequently held that the offense of cutting in sudden heat and affray, denounced by section 1242, is a degree of the crime of malicious cutting, denounced by section 1166, and that it is proper, under an indictment charging the graver offense, to instruct upon both if the evidence warrants it. As the evidence is not here, we must assume that it warranted the instructions given, hence the only question presented is whether or not the offense charged by the indictment is malicious cutting and wounding as defined by section 1166, *supra,* as insisted by the Commonwealth, or simply an assault and battery, as claimed by the defendant.

Although insisting that the indictment charges simply an assault and battery, counsel for defendant in their brief say: "Evidently the offense described in section 1166 of the statutes was intended to be charged," but that the language of the indictment is not sufficient to accomplish that purpose.

Section 1166, in so far as applicable, provides that: "If any person shall wilfully and maliciously cut, strike or stab another with a knife with intention to kill, if the person so stabbed, cut or bruised die not thereby, he and any person who aided, counseled or advised or encouraged him shall be confined in the penitentiary not less than one nor more than five years."

It will be noticed that the indictment in the accusatory part charges the defendant with "malicious striking and wounding," whereas the statute does not make a crime of malicious striking and wounding unless it be done with a knife or other deadly weapon. In other words, a malicious striking and wounding with the fists, or anything not a deadly weapon, is not the crime denounced by this statute, but is an assault and battery. Hence if it were necessary, as is the contention of appellant, that the indictment in the accusatory part states the offense with technical precision, this indictment did not charge the crime denounced by section 1166, and defendant was charged with one offense but tried and convicted of another.

To sustain his contention that the accusatory part of the indictment must, under sections 122 and 124 of the Criminal Code, define the offense charged, and that the offense thus charged controls and cannot be enlarged or determined by the descriptive part of the indictment, he cites the cases of Commonwealth v. Jarboe, 89 Ky. 143, 12 S. W. 138; Coe v. Commonwealth, 94 Ky. 606, 23 S. W. 371; Commonwealth v. Tobin, 140 Ky. 261, 130 S. W. 1116. These cases do so hold, but this court, in the more recent case of Overstreet v. Commonwealth, 147 Ky. 471, 144 S. W. 751, and in obedience to the plain mandate of section 340 of the Criminal Code, providing that no reversal shall be ordered for any error not prejudicial to the substantial rights of the defendant, definitely and unequivocally abandoned the practice, theretofore not uncommon, of reversing judgments of conviction for technical inaccuracies in the indictments. It was there announced that:

"An indictment may contain more than is necessary, or it may be phrased in inapt words, or the sentences may be ungrammatically or awkwardly expressed, or the spelling not conform to approved standards, but if, when considered as a whole, the charge is stated with sufficient clearness and certainty to enable a person of common understanding to know what he is charged with, and to enable the court to pronounce judgment, no error in form of expression will make the indictment bad. Nor will any difference between the accusative part of the indictment and the body or descriptive part of it, that is not so substantial as to be misleading, be fatal to the sufficiency of the pleading. In other words, in considering the sufficiency of an indictment, it will be read and considered as a whole, and if when so read and considered it substantially conforms to the requirements of the Code in respect to the matters therein pointed out as material and necessary, it will be a good indictment."

This does not mean, of course, that the indictment ought not to be drawn in strict conformity with sections 122 and 124 of the Criminal Code, and state accurately in the accusative part the particular crime or offense charged, and in the descriptive part the essential facts with reference thereto, but it does mean that after conviction, and upon appeal, the indictment will be considered as a whole and be held sufficient to sustain the conviction, if, considered as a whole, the charge is stated with sufficient clearness and certainty to enable a person of good understanding to know what he is charged with, and to enable the court to pronounce judgment thereon.

Such has been the consistent practice of this court in recent years, and we have held in many cases that a technical deficiency in the accusatory part of the indictment is not a sufficient ground for a reversal where the indictment as a whole charged the offense with which the defendant was tried and convicted with sufficient clearness and certainty to enable a person of good understanding to know what the charge was, and to enable the court to pronounce judgment thereon.

Some of the many cases to that effect are: Drury v. Commonwealth, 162 Ky. 123, 172 S. W. 94; Henry v. Commonwealth, 169 Ky. 548, 182 S. W. 870; Allen v. Commonwealth, 178 Ky. 250, 198 S. W. 896; Middleton v. Commonwealth, 197 Ky. 422, 247 S. W. 40; Traughber v. Commonwealth, 198 Ky. 596, 249 S. W. 770; Meredith v.

Commonwealth, 199 Ky. 544, 252 S. W. 894; Lakes v. Commonwealth, 199 Ky. 802, 251 S. W. 982; Garrison & Sayers, Jr., v. Commonwealth, 200 Ky. 259, 254 S. W. 904.

There can be no doubt that any person of good understanding must have understood from a reading of this indictment that the defendant was charged, not with an ordinary assault and battery, but with the statutory crime of malicious cutting and wounding Sam Cameron. And we may presume that the defendant so understood, and that both he and the Commonwealth directed their evidence to the single issue as to whether or not he was guilty of that crime or the lesser degree thereof, and that it was amply sufficient to sustain the verdict and judgment, else the defendant would have brought the evidence here upon his appeal therefrom.

Several other matters are argued in brief for appellant, which, however, are not presented by the record, and will not, therefore, be discussed.

Judgment affirmed.