# Gray v. Commonwealth.

Oct. 21, 1941.

S. M. Ward and Don. A. Ward for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Zach Gray appeals from a judgment convicting him of grand larceny and imposing a sentence of one year's imprisonment.

The indictment accuses him of stealing a welding torch and attachments, the property of the "Four-seam Mining Company," with intent to deprive the "said Four-seam Mining Coal Company" of its property therein. The evidence is that the Fourseam Coal Company had such property stolen. The corporation's name had previously been the "Fourseam Mining Company." We do not think the variance material. Section 128, Criminal Code of Practice, provides that where the indictment is for a crime involving the taking of property, if it is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the owner of the property taken is not material. The rule of idem sonans applies. Bibb v. Commonwealth, Ky., 112 S. W. 401; Sutton v. Commonwealth, 154 Ky. 799, 159 S. W. 589.

It was not necessary that the indictment allege the owner of the goods stolen was a corporation or a partnership. McClanahan v. Commonwealth, 197 Ky. 457, 247 S. W. 369.

The superintendent of the coal company testified that there had been stolen from its shop "quite a bit of copper, welding torch and attachments, hose and things of that nature." Further description given on cross examination was "an assembling torch and about 80 feet of hose, a whole outfit, a welding tip and oxygen guage which is a part of the oxygen torch." The cost of the whole unit was about $140. Asked specifically if it was all worth over $20, he answered that it was. Puckett, a dealer in junk, testified that the defendant Gray told him he had a welding torch to sell, and that night he brought to his place of business "part of a welding torch, two guages and a tip," which Puckett bought for $5. He further described the property as a "settling guage and oxygen guage and 25 feet of hose and a welding tip that goes on the end of the hose." Puckett's wife was less definite. This property was identified as that stolen from the coal company, which paid a reward of $25 for its recovery. A fellow employee in the mine,

a negro, testified the defendant had told him he was going to get the outfit and wanted him to haul it over to Puckett's, who offered the witness $20 to do so.

The appellant contends it was error not to give an instruction on petit larceny. The controlling rule is that where there is reasonable room for a difference of opinion as to the value of the property stolen or the evidence is vague and unsatisfactory, an instruction on petit larceny should be given. Taylor v. Commonwealth, 240 Ky. 286, 42 S. W. (2d) 309. The true criterion is the fair market value of the property at the time and place it was stolen, if there be such a standard market; if not, the value must be arrived at from the facts and circumstances and the uses and purposes which the article was intended to serve. The value is not the sale price for junk, nor the original cost; but such evidence is admissible as tending to establish its value. Allen v. Commonwealth, 148 Ky. 327, 146 S. W. 762; Fuson v. Commonwealth, 173 Ky. 238, 190 S. W. 1095. The cost of the property stolen was shown to be $140 and the value when it was stolen at "more than $20.00." It would have been better had the Commonwealth had the property definitely described by both the mine superintendent and the purchaser and its value more certainly established. But comparing the two indefinite and meager descriptions and considering all the other evidence relating to the outfit, we do not think there could be any question that all of the outfit or unit that was stolen was of a value of $20 or more. Having denied that he stole any of it, the sale by the defendant of a substantial part was evidence that he stole all of it. And that sold was such a substantial part that its value was unquestionably as much as $20. We are of opinion the defendant was not prejudiced by a failure to give an instruction on petit larceny. Sneed v. Commonwealth, 236 Ky. 838, 34 S. W. (2d) 724.

Appellant further submits that he was entitled to an instruction requiring corroboration of the testimony of Puckett and his wife as accomplices. True it is that one may be convicted of larceny if found in possession of recently stolen property. Jacobs v. Commonwealth, 260 Ky. 142, 84 S. W. (2d) 1. Cases may arise where one claiming to have bought stolen property could be regarded as an accomplice of another proven to be the actual taker. But there is nothing in this record that

affords a substantial ground for an inference that Puckett may have participated in the theft. At most, the evidence tends to show he might have been guilty of knowingly receiving stolen property. It has often been held that in the absence of a conspiracy, one guilty of that offense is not an accomplice of the thief. Goodin v. Commonwealth, 235 Ky. 349, 31 S. W. (2d) 380; Grady v. Commonwealth, 237 Ky. 156, 35 S. W. (2d) 12; Cole v. Commonwealth, 246 Ky. 149, 54 S. W. (2d) 674.

Judgment affirmed.