## Carroll v. Commonwealth.

Oct. 22, 1943.

Pleas Sanders and Charles E. Whittle for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

The appellant, Almon Carroll, was tried in the year 1938 on an indictment returned in March 1935, charging him with the rape of Christine Sego. He was convicted of the included felony of having carnal knowledge of a female under twelve years of age in violation of sec. 1155 of Carroll's Ky. Stats., now KRS 435.100. Trial orders and judgment sentencing the appellant to the penitentiary for twenty years were entered on the order book during the term at which the appellant was tried, but were not signed by the then presiding judge but were signed by his successor in March, 1943, pursuant to KRS 23.190, and an appeal was then granted, which is the appeal now before us.

Motion and grounds for a new trial were filed in 1938, and additional motion and grounds were permitted to be filed when the order was signed in 1943. Numerous errors were assigned in these motions and newly discovered evidence was relied on as one of the grounds. It is unnecessary to discuss the sufficiency of the newly discovered evidence in view of the fact that we are reversing the judgment on other grounds, but it is not amiss to mention the fact that the motions were supported by a copy of the appellant's birth certificate, showing that he was only twenty years of age at the time of the act of carnal knowledge for which he was convicted. If he was in fact only twenty years of age when the offense was committed, he was guilty only of a misdemeanor.

Numerous grounds are urged for reversal but all of them, with the exception of the complaint as to the instructions, are so lacking in merit as to require no discussion. The instructions were so erroneous and prejudicial as to require a reversal.

The appellant had been living with and working for the family of the prosecuting witness for several years prior to September, 1933. The prosecuting witness was evidently only eleven years old on the latter date, since her birth certificate and the family Bible so disclosed and she testified that such was the case. But, be this as it may, an issue was made on this vital question since the appellant testified that both the girl and her mother had told him previous to the alleged crime that she was past twelve years of age.

According to the prosecuting witness, she was at the barn in September, 1933, when the appellant came in with a pistol in his pocket and threatened to shoot her unless she had intercourse with him, and she yielded through fear, the act of intercourse being accomplished in a standing position. She and the appellant had intercourse several times thereafter. She became pregnant and notified the appellant to this effect and in February, 1934, she and the appellant ran off to be married in Jeffersonville, Indiana, but were apprehended in Louisville at the instance of her grandfather and the marriage was not permitted by her family to take place. Upon objection by the appellant to subsequent acts of intercourse, the Commonwealth elected to prosecute for the first act committed in September, 1933, and the jury

were instructed not to consider evidence as to any other time.

The appellant, while testifying, at first denied having intercourse with the girl but later admitted it. He and his father both testified that he was born on November 19, 1913, thus placing his age one year lower than was shown on the birth certificate later filed with the motion for a new trial, the date shown on that certificate being November 19, 1912.

After the indictment was returned the appellant fled but returned and was placed in jail. He was later adjudged insane and spent some months at the Lakeland Asylum. He says his insanity resulted from worry about the girl and the trouble he was in. After returning home he again fled to avoid trial but again returned and was confined in jail. He escaped and fled to New Mexico, where he spent a year or more and then returned to stand trial. These facts are mentioned merely to explain the lapse of more than ten years between the commission of the crime and the disposition of this appeal.

By instruction A the court submitted the crime of rape to the jury. Instruction B was as follows: "If the jury believe from the evidence, beyond a reasonable doubt that the defendant, Almon Carroll, in this County in September 1933 and before the finding of this indictment, being a male person, feloneously, did carnally know Christine Sego, with her consent, and that said Christine Sego was at the time a female infant under the age of twelve years, the jury will find the defendant guilty as charged in the indictment and fix his punishment at death or confinement in the penitentiary for not less than twenty years nor more than fifty years in their discretion. But if the jury believe that the defendant at the time and place and in the manner stated in this instruction was under age of twenty-one years then they will find him guilty of a misdemeanor and fix his punishment at a fine of not exceeding Five Hundred Dollars."

Instruction C was the reasonable doubt instruction and by the concluding portion of it the jury were instructed that if they found the defendant guilty but had a reasonable doubt under which instruction he was guilty they should "find him guilty of the lesser instruction, to-wit, instruction B."

It is apparent that the instructions were fatally defective in several respects. Section 1155, under which the appellant was convicted, contains within itself several degrees of the crime of having carnal knowledge of females, the gradation being according to the age of the female. The punishment for such a crime against a child under twelve years of age is confinement in the penitentiary for not less than twenty nor more than fifty years; if the child is of the age of twelve and under sixteen the punishment is confinement for not less than five nor more than twenty years.

There is conflict in evidence as to the girl's age, as above indicated and, this being true, the trial court should have so framed the instructions as to give the appellant the benefit of any doubt the jury might have had as to the girl's age.

Again by instruction B the jury were not required to believe beyond a reasonable doubt that the appellant was over twenty-one years of age at the time of the· commission of the crime. This was a most vital question since the appellant was guilty only of a misdemeanor if he was under twenty-one years of age. Bertram v. Com., 218 Ky. 375, 291 S. W. 358; Hewitt v. Com., 216 Ky. 72, 287 S. W. 223. The instructions submitted the misdemeanor but failed to give the appellant the benefit of the reasonable doubt instruction on this point in· the felony instruction. The jury were not required to believe beyond a reasonable doubt that he was twenty-one years of age, although there was serious conflict in the evidence on this vital question—as a matter of fact, there seems little question that appellant was only twenty years old in September, 1933, the date of the crime for which he was convicted.

Again the instruction to the jury to convict of the lower degree, if they had a reasonable doubt as to the degree of guilt, was confusing and meaningless in view of the fact that two degrees of crime were covered by in-instruction B, under which the jury were directed to convict if they entertained a reasonable doubt as to the degree of guilt.

It would have been better practice for the court to have covered the misdemeanor by a separate instruction and instruct on reasonable doubt as to the degree of the offense of which the defendant was guilty in the language

of Section 239 of the Criminal Code of Practice. But, since instruction B covered both a felony and the misdemeanor, the reasonable doubt instruction should have been so framed as to direct conviction for the misdemeanor if the jury found the accused guilty under instruction B but had a reasonable doubt whether he was guilty of the felony or misdemeanor covered by that instruction.

These errors in the instructions were not mere irregularities in form but were highly prejudicial to the substantial rights of appellant. Judgment reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.