**Robert LAIR, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1959.

As Extended on Denial of Rehearing

Jan. 22, 1960.

John C. Anggelis, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Robert Lair was convicted of a violation of KRS 435.105 by committing indecent and immoral practices with a child under fifteen years of age. His punishment was fixed at confinement for nine years in the penitentiary. Appellant urges as grounds for reversal that: (1) The indictment is void; (2) the indictment is defective; (3) evidence was admitted improperly; (4) improper conduct was permitted; (5) his motion for a directed verdict was erroneously denied; and (6) an instruction was erroneous.

On April 1, 1957, the mother of the victim swore out a warrant against the appellant (her husband), charging him with carnal knowledge of a female under twelve years of age and specifically with a violation of KRS 435.100(1) (a). Appellant was arrested on the warrant and subsequently the matter was considered by a grand jury, which dismissed the charge on April 17, 1957. The circuit court clerk

certified that he could not find any order of court re-referring the charge to the grand jury. Appellant claims that since this cause was never resubmitted to the grand jury and inasmuch as three grand juries had convened before another warrant was sworn out against him, the instant indictment is void and the trial court erred in refusing to sustain his motion to quash, dismiss, and set aside the indictment. See Criminal Code of Practice, § 117.

The two charges constitute separate and distinct offenses, each based on a different statute. The first charge alleged a violation of KRS 435.100(1) (a), which is the offense of carnal knowledge of a female under twelve years of age with her consent. This statute was enacted in 1893 and amended in 1906 and 1922. It formerly was Section 1155 of Carroll's Kentucky Statutes.

■ The instant charge on which appellant was convicted is a violation of KRS 435.105, which was enacted in 1948. This statute created the distinct offense of indecent and immoral practices by a person over seventeen years of age with a child under fifteen regardless of sex or consent. KRS 435.100 was enacted to protect infants, either male or female, under the age of eighteen years from being carnally known, while KRS 435.105 is directed to the protection of infants under the age of fifteen years against indecent and immoral practices by one over the age of seventeen years. Each is directed to a specific but different social problem and constitutes a separate and distinct offense. In addition, the instant warrant charged the commission of an offense in 1958, which was after the first warrant was taken in 1957. The motion to quash was properly overruled.

■ Appellant argues that KRS 435.105 created two offenses and that the indictment is defective, in that the accusatory part charges one offense and the descriptive charges another. This same contention was decided adversely in Clark v.

Commonwealth, Ky., 274 S.W.2d 654, wherein it was held that the statute created a single offense but set forth more than one way in which it could be committed.

■ There is no merit in appellant's contention that evidence concerning more than one offense was admitted over his objection. At the time his objection was made, evidence of other similar offenses had already been admitted without objection and appellant's counsel had cross-examined the witness concerning same.

■ The contention as to improper statements and conduct by the prosecuting attorney is not considered as no mention is made of this in the motion and grounds for a new trial. This Court will not consider on appeal matters occurring before a verdict which were not relied upon in the motion for a new trial. Philpot v. Commonwealth, Ky., 247 S.W.2d 499.

■ Appellant contends that his motion for a directed verdict made at the close of the testimony for the Commonwealth should have been sustained because there was no proof that appellant was over the age of seventeen years, as provided in the statute. The pertinent part of KRS 435.105 provides: "Any person of the age of seventeen years or over who * * * shall be guilty of a felony * * *." The ages of the two persons involved in the conduct are material elements of the offense and must be shown in proof. Commonwealth v. Hines, 282 Ky. 791, 140 S.W.2d 386; Carroll v. Commonwealth, 295 Ky. 522, 174 S.W.2d 770.

■ No proof was introduced by the Commonwealth as to the age of the appellant. The evidence produced by the accused showed that he had married the mother of the child in 1950; that he had been married previously and had three children by his first wife, all of whom were married at the time of the trial; and that he had worked for two employers a total of more than thirty years. This evidence convincingly established that the appellant was over

seventeen years of age at the time the offense was committed.

The rule stated in Minniard v. Commonwealth, 214 Ky. 641, 283 S.W. 1001, 1002, is:

> "It is well settled that, after a defendant has moved for a peremptory instruction at the conclusion of the commonwealth's evidence, and his motion is overruled, if he then introduces testimony which establishes the facts necessary to his conviction and thus makes out the case, he cannot complain that his motion for a peremptory was overruled or that the commonwealth had failed to make out its case by competent testimony produced by it. Brittian v. Commonwealth, 200 Ky. 461, 255 S.W. 59; Marcum v. Commonwealth, 201 Ky. 527, 257 S.W. 714."

See also Grace v. Commonwealth, 302 Ky. 796, 196 S.W.2d 417.

■■ Appellant urges that the instruction was erroneous, in that it failed to require the jury to believe that he was of the age of seventeen years or over. The instruction given should have followed the language of the statute, as did the indictment. The proof was abundant and without contradiction that the appellant was over seventeen years of age as charged in the indictment, and there was no issue, remote or otherwise, as to his age. When there is no controversy on a particular issue and no contrariety in the evidence on the subject, the oversight in failing to instruct on it, while erroneous, must be shown to have prejudiced the substantial rights of the accused. Upon a consideration of the whole case, the Court is satisfied that the substantial rights of the appellant were not prejudiced by the failure to include the requirement as to age in the instruction. Criminal Code of Practice, Section 340; Sizemore v. Commonwealth, Ky., 262 S.W. 2d 817; Shoemaker v. Commonwealth, 300 Ky. 607, 189 S.W.2d 957; Horn v. Commonwealth, 289 Ky. 600, 159 S.W.2d 417;

Gray v. Commonwealth, 288 Ky. 25, 155 S.W.2d 444; Lakes v. Commonwealth, 199 Ky. 799, 251 S.W. 982; and Traughber v. Commonwealth, 198 Ky. 596, 249 S.W. 770.

■ In a petition for rehearing, appellant raises the single point that inasmuch as evidence as to more than one act was introduced the court should have given an instruction limiting the consideration of the jury to a single act. Montgomery v. Commonwealth, Ky., 262 S.W.2d 475, and other cases are cited. No objection was made on this point when the instructions were given in the motion for a new trial or in the brief. An error in instructions or the failure to instruct cannot be complained of for the first time in a petition for rehearing unless exception is saved and preserved in the motion for a new trial. Lindon v. Commonwealth, Ky., 318 S.W.2d 431; Eversole v. Commonwealth, Ky., 288 S.W.2d 58; Curnutt v. Commonwealth, 311 Ky. 359, 224 S.W.2d 170.

Judgment affirmed.