James Gilbert VICKERS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 29, 1971.

Charles A. Taylor, Taylor & Elam, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This is an appeal from the Fayette Circuit Court. Appellant was found guilty of carnal knowledge of Arlene Gray, a female under 16 years of age, and sentenced to five years on that charge. He was also found guilty of detaining Sophia Howard against her will with intent to have carnal knowledge of her and sentenced to two years on that charge. Appellant's motion for a new trial was overruled and he has prosecuted this appeal.

Appellant urges five grounds for reversal, those being: (1) count (1) of the indictment is insufficient to charge the appellant with the commission of a felony; (2) the court erred in giving an instruction setting the punishment of appellant, if found guilty of having carnal knowledge of Arlene Gray, at not less than five nor more than 20 years in prison; (3) the court erred in failing to give an instruction on the question of whether or not appellant was 21 years of age; (4) the court erred in overruling appellant's motion for a directed verdict of acquittal, and (5) there was insufficient evidence to support a conviction under count (2) of the indictment.

On appellant's first ground, that count (1) of the indictment is defective in that it will not support a conviction of a felony, count (1) reads as follows: "On or about the 13th day of September 1969, in Fayette County, Kentucky, the above-named defendant, James Gilbert Vickers, had carnal knowledge of Arlene Gray, a female under the age of 16 years." The appellant insists that this is error because it does not allege appellant's age. From the record it does not appear that an objection to the indictment was made until the motion for a new trial. This constitutes a waiver of that alleged error. Appellant waived this issue by failing to make a timely motion. See RCr 8.18.

The appellant's second issue as to the failure of the court to give an instruction on a misdemeanor charge as defined in KRS 435.100(1), (2) is likewise without merit. This statute makes carnal knowledge a misdemeanor if the accused is under 21 years of age. The trial court instructed on the felony charge only. This issue is based upon the alleged failure of the indictment to state the age of the appellant. This issue would, perhaps, have some validity if the first issue presented by the appellant had validity. It was unnecessary for the trial court to instruct the jury on a misdemeanor charge because it is not necessary for the indictment to state the appellant's age in order to charge the appellant with a felony. The Rules of Criminal Procedure require the indictment to "fairly informs the defendant of the nature of the crime with which he is charged, without detailing 'the essential' factual elements." Finch v. Com., Ky., 419 S.W.2d

146; RCr 6.10. Also, it appears that the indictment follows the language as set out in the Appendix of Forms in which form 15 (indictment) contains illustrative allegations for offenses of carnal knowledge. The examples found there were approved in RCr 13.06 and in Fitzgerald v. Com., Ky., 403 S.W.2d 21.

Therefore, appellant's second issue is also without merit. An instruction on the misdemeanor charge as requested by the appellant should not have been given.

■ Appellant's third ground for reversal is based upon the failure of the trial court to give a reasonable doubt instruction on the question of whether or not appellant was 21 years of age. The appellant asserts that the trial court should have instructed the jury not to find the appellant guilty unless it believed beyond a reasonable doubt that the appellant was over the age of 21 years and cites Carroll v. Com., 295 Ky. 522, 174 S.W.2d 770, in support of this contention. That case held that when there was a serious conflict as to the age of the perpetrator of the crime, as denounced by KRS 435.100, the trial court should give a reasonable doubt instruction. However, in this case the appellant did not raise his age as a defense to the charge of carnal knowledge. His defense was that he did not have intercourse with one of the prosecutrices in Fayette County. The only conflict that could have existed as to appellant's age arose from the testimony of two police officers. One officer said that appellant *told him* that he was 20 years old, but that his records indicated he was born June 3, 1946, which would have made him 23 years old when the alleged crime was committed. The other officer testified that Vickers said he was 23 years old. From this testimony there is no issue as to appellant's age as was contemplated in Carroll v. Com., supra. Appellant did not raise his age as a defense; therefore, there was no need for the instruction appellant now urges on this court.

■ Appellant's fourth ground for reversal is that the court erred in overruling his motion for a directed verdict of acquittal on both of the charges in the indictment. As to the charge of carnal knowledge, the appellant admitted having intercourse with one of the prosecution witnesses in Sand Gap which, incidentally, is not within the jurisdiction of Fayette County, but denied having intercourse in Fayette County. The 15-year-old witness stated the appellant had intercourse with her at Sand Gap and later in the morning he had intercourse with her at his apartment in Lexington. The prosecutrix was there when the police arrived. This was certainly a jury question as to whom the jury would believe. See Bradley v. Com., Ky., 465 S.W.2d 266, and Moore v. Com., Ky., 446 S.W.2d 271.

■ For his parting volley, appellant says the evidence was insufficient to support a conviction for detaining a female against her will with intent to have carnal knowledge of her. The record is full of instances where the appellant placed his hands on both of the 15-year-old girls which, according to them, was against their wills. According to his testimony, he had intercourse with one of them in Sand Gap, and according to one of the girl's testimony they (the girls) tried to get out of his car in Fayette County but he shut the door and drove off very fast. The Commonwealth produced sufficient evidence to support the verdict of the jury.

Judgment affirmed.

All concur.