Ronald **PELFREY**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 12, 1972.

Sam Neace, Florence, for appellant.

John B. Breckinridge, Atty. Gen. George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

The appellant was convicted in the Boone Circuit Court of grand larceny of an automobile and sentenced to five years' imprisonment.

The appellant raises two issues: 1. The trial court should have sustained appellant's motion for a directed verdict of not guilty. 2. The jury's verdict is not supported by the evidence.

■ Although the appellant has framed his issues along the above lines, he is saying that because the indictment charged the appellant "did steal a 1967 Chevrolet automobile worth more than $100" and, because the court instructed the jury that they had to find that the appellant took, stole, drove or operated a 1967 Corvette of the value of more than $100 it was error for the Commonwealth to fail to prove the value of the car. The Commonwealth introduced no proof as to the value of the car. However, we do not feel that this was error, because value is not an element of the offense of auto larceny. KRS 433.220 reads as follows:

"Any person guilty of larceny of money or other property of the value of one hundred dollars or more shall be confined in the penitentiary for not less than one nor more than five years. Any person who unlawfully takes, drives or operates a vehicle without the knowledge and consent of the owner shall be subject to the same punishment."

■ Because the indictment charged the appellant with the theft of an auto worth more than $100 does not render it defective. Under the Kentucky Rules of Criminal Procedure an indictment must give notice of an offense. Fitzgerald v. Commonwealth, Ky., 403 S.W.2d 21 (1966). An indictment which describes the offense and contains a citation to the statute is sufficient. Vickers v. Commonwealth, Ky., 472 S.W.2d 469 (1971). The indictment is sufficient in this case and was not challenged.

Secondly, the inclusion in the instruction as to the value of the auto being worth

more than $100 is surplusage. It was surplusage which at first blush was beneficial to the appellant and more than required under the law. We do not decide, however, whether or not the instruction in question was erroneous because the instruction is not challenged by the appellant.

Judgment affirmed.

All concur.