## Middleton v. Commonwealth.

(Decided September 25, 1923.)

Appeal from Harlan Circuit Court.

1.   Indictment and Information—Indictment Must Name County in
which Offense Committed.—An indictment for manufacturing in-
toxicating liquor in violation of the prohibition act was not suf-
ficient, where it failed to name the county in which the alleged of-
fense was committed, in view of Criminal Code of Practice, section
124, subsection 2.

2.   Indictment and Information—Object of Statute as to Naming
County Stated.—The object of Criminal Code of Practice, section
124, subsection 2, providing that an indictment must be direct and

certain as regards the county in which the offense was committed, is not only to fix the revenue and to apprise defendant of the par-ticular accusation, but also to make the judgment available as bar to a subsequent prosecution.

J. B. SNYDER for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, who was convicted of manufacturing intoxicating liquors in violation of the Prohibition Act, challenges the sufficiency of the indictment on the ground that it failed to name the county in which the alleged offense was committed. The point is well taken. The Code provides that an indictment must be direct and certain as regards the county in which the offense was committed. Criminal Code, section 124, subsection 2. The object of the provision is not only to fix the venue of the action for purposes of jurisdiction and to apprise the defendant of the particular accusation on which he is to be tried, but also to make the judgment available as a plea in bar to a subsequent prosecution. Parker v. Commonwealth, 12 Bush 191. It follows that the demurrer to the indictment should have been sustained.

The record discloses no other error.

Judgment reversed and cause remanded for proceedings consistent with this opinion.