## Hall v. Commonwealth.

(Decided November 27, 1925.)

### Appeal from Harlan Circuit Court.

1. Indictment and Information—Indictment Held Sufficiently to Allege County in which Offense Committed.—Indictment alleging that offense was committed "in said county" held sufficiently to allege county in which offense was committed, as required by Criminal Code of Practice, section 124, where indictment was headed "Har-

lan Circuit Court," and began, "The grand jury of Harlan county,"
and no other county was mentioned therein.

2.  Criminal Law—Verdict Convicting Defendant of Unlawfully Sell-
ing Liquor Held Not Flagrantly Against Evidence.—Verdict con-
victing defendant of unlawfully selling liquor held not flagrantly
against the evidence, where charge was supported by one witness
for Commonwealth and denied only by defendant, whose reputation
for truth and veracity, as shown by his own witness, was bad.

HALL, LEE & SNYDER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K.
BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Af-
firming.

Appellant was convicted of unlawfully selling liquor
in Harlan county, and for reversal of that judgment con-
tends the trial court erred in overruling his demurrer
to the indictment, and that the verdict is contrary to the
evidence.

The only criticism of the indictment is that it does
not clearly and certainly allege the county in which the
offense was committed, as required by section 124 of the
Criminal Code. The basis of this contention is that the
offense is alleged to have been committed "in said
county." But this clearly and certainly means Harlan
county, as the indictment is headed "Harlan Circuit
Court," begins "The Grand Jury of Harlan County,"
and no other county is mentioned therein. Hence, as was
also held in Traughber v. Commonwealth, 198 Ky. 596,
249 S. W. 770, there is no merit in this contention.

Nor can it be said the verdict is flagrantly against
the evidence, since the charge is supported by one wit-
ness for the Commonwealth and denied only by the de-
fendant, whose reputation for truth and veracity is
shown, by his own witness, to be bad.

Judgment affirmed.