## GREGORY v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 23, 1951.

———◆———

Brown & Bird, Murray L. Brown, Robert B. Bird, Luker & Tooms, and R. B. Johnson, all of London, for appellant.

A. E. Funk, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Hugh Gregory is appealing from a conviction of manslaughter, for which he received a twenty-one year sentence. His sole ground for reversal is that his demurrer to the indictment should have been sustained.

The complaint as to the indictment is directed to Section 124 of the Criminal Code. The pertinent parts of this section follow:

"124. The indictment must be direct and certain as regards—* * *

"3. The county in which the offense was committed."

The indictment reads as follows:

"Commonwealth of Kentucky,
                    Laurel Circuit Court
                    January Term, 1950
        Against
Hugh Gregory, Defendant
                Indictment

The Grand Jury of Clay County, in the name and by the Authority of the Commonwealth of Kentucky, accuse Hugh Gregory of the crime of Wilful Murder committed in manner and form as follows, viz: The said Hugh Gregory did on the 16 day of January, 1950, in the County, Circuit and State aforesaid, * * *"

The order filing the indictment shows that it was returned by the grand jury of Laurel County. The crime, with which the appellant was charged, occurred in Laurel County and not in Clay County.

In several cases we have held that an indictment reciting the charge was made by the grand jury of X county and alleging that the offense was committed in the "county aforesaid," or in the "said county," sufficiently alleged that the offense was committed in X county. Phillips v. Commonwealth, 248 Ky. 665, 59 S.W.2d 579; Romans v. Commonwealth, 231 Ky. 487, 21 S.W.2d 797; Hall v. Commonwealth, 211 Ky. 481, 277 S.W. 809; Traughber v. Commonwealth, 198 Ky. 596, 249 S.W. 770. In the Phillips, Romans and Hall cases the indictments were styled "X Circuit Court," but it seems that the name of the county appearing in the accusative portion as the place of empaneling the grand jury is controlling, the words, "said" or "aforesaid," referring to the county named in the accusative portion, as in the Traughber case.

In Banks v. Commonwealth, 277 Ky. 647, 126 S.W.2d 1122, it was held that an erroneous caption, naming the wrong circuit court, did not render the indictment defective where the body of the indictment clearly showed the county in which the offense was charged to have been committed.

In Commonwealth v. Drewry, 126 Ky. 183, 103 S.W. 266, 267, 31 Ky.Law Rep. 635, it was held that where the body of the indictment showed the county in which the

offense was committed, the absence of the caption was not a fatal defect. We said: "* * * But it is not essential to the validity of the indictment that this matter shall appear in the caption, as the caption is not an indispensable part of the indictment. It will be sufficient if it is set out in the body of the indictment. At best, the caption is merely a form, and neither takes from nor adds to the validity of the indictment. * * *"

In Parker v. Commonwealth, 75 Ky. 191, 12 Bush 191, a change of venue was granted from Fayette to Woodford County. The grand jury of Woodford County rendered a new indictment after quashing the original. The new indictment charged the defendant with committing the offense in Woodford County, when in fact the offense was committed in Fayette County. In the opinion in that case we said: "In this regard the indictment must be direct and certain, not only for the purpose of showing jurisdiction in the court, but to so describe and identify the offense that a verdict and judgment founded upon it may be available as a plea in bar to a subsequent prosecution, and it is further necessary in order to apprise the defendant of the particular accusation on which he is to be tried."

This was cited with approval in Middleton v. Commonwealth, 200 Ky. 232, 254 S. W. 745.

The Commonwealth urges that the error in the indictment could not have misled or prejudiced the appellant in any way. It is pointed out that, apparently, the Commonwealth's Attorney mistakenly used a printed form for the Clay County grand jury and neglected to have the name changed.

We are of the opinion that, in accord with the cases set out above, the controlling portion is the body of the indictment. Section 124 of the Criminal Code requires the indictment to be certain as to the county in which the crime was committed. This indictment is not certain as to the county; and the error was patent upon the indictment being filed in the Laurel Circuit Court. We can not agree with the Commonwealth that the rule laid down in Banks v. Commonwealth, 277 Ky. 647, 126 S.W.2d 1122, can be applied in a converse situation.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.