**Hubert STOVALL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1955.

Rodes K. Myers, George B. Boston, Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Hubert Stovall, was convicted in the Allen Circuit Court of the offense of carrying a concealed deadly weapon and was sentenced to be confined in the penitentiary for a period of two years.

Since we have concluded that the trial court erred in failing to sustain a demurrer to the indictment, we will confine our discussion to that topic. This is the pertinent part of the indictment:

"Allen Circuit Court

"April Term, 1954

"The Commonwealth of Kentucky
Against } Indictment
Hubert Stovall

"The Grand Jury of the *County of Warren* in the name and by the authority of the Commonwealth of Kentucky, accuse Hubert Stovall of the Crime of Carrying concealed a Deadly Weapon committed as follows, to-wit: the said Hubert Stovall heretofore, to-wit: on or about the 30th day April, A.D., 1954, and before the finding of this indictment *in the County aforesaid*, did unlawfully, wilfully and feloniously carry concealed on or about his person a deadly weapon * * *."

The order filing the indictment shows that it was returned by a grand jury impaneled by the Allen Circuit Court. It will

be noted that the indictment relates that the grand jury of Warren County accused the defendant of a crime committed "in the County aforesaid."

■ In Gregory v. Commonwealth, Ky., 238 S.W.2d 137, similar in every respect to the case at bar—where the trial was held in the Laurel Circuit Court and the caption indicated that the indictment was returned in the Laurel Circuit Court although the body of the indictment stated that it was returned by the grand jury of Clay County and that the crime was committed in the county and state aforesaid—it was held that the indictment was fatally defective because of the violation of a statutory provision, Criminal Code, § 124, that the indictment must be certain as regards the county in which the offense was committed. We believe that case is conclusive of the question here involved. The commonwealth contends, however, that no written demurrer was filed to the indictment and that objection to it came too late.

■ The bill of exceptions discloses— and it is borne out by the transcript of the testimony which was made by reference a part of the bill—these important steps:

(1) The jury was impaneled and sworn.

(2) The Commonwealth's Attorney read the indictment at which time he directed the court's attention to the error in the indictment.

(3) Appellant, at the conclusion of the reading of the indictment, moved the court to discharge the jury and declare a mistrial, which was overruled.

(4) Appellant filed a general demurrer to the indictment, which was overruled.

(5) Appellant was arraigned and he pleaded not guilty to the indictment as charged.

(6) Appellant objected to the introduction of any evidence showing that he was guilty of carrying a concealed deadly weapon in Allen County, which was also overruled.

Section 165 of the Criminal Code provides that a demurrer is proper if it appears from the indictment that the offense was not committed within the local jurisdiction of the court.

We think the above résumé of the proceedings is sufficient to disclose that the demurrer was filed in time because when the indictment was read, it was the first time the appellant was required to respond to it and he took immediate action to protect his interest. It was only after the demurrer was overruled that he was arraigned. We are of opinion that he acted in good time.

Judgment reversed and case remanded for proceedings consistent with this opinion.