[No. 8402.   Department Two.   January 14, 1910.]

## THE STATE OF WASHINGTON, *Respondent,* v. CHARLES GUNDERSON, *Appellant.*[1]

BURGLARY—ENTRY—TIME—EVIDENCE—SUFFICIENCY. The evidence is insufficient to warrant a conviction for entering a ship in the nighttime with intent to commit a misdemeanor, where no breaking was alleged and it devolved upon the state to prove entry in the nighttime, and from the evidence the property was not missed until more than two hours after daylight.

EVIDENCE—JUDICIAL NOTICE. The courts take judicial notice that in this latitude in August it is daylight in the morning at 5:30 o'clock.

[1] Reported in 106 Pac. 194.

Appeal from a judgment of the superior court for Jefferson county, Still, J., entered October 24, 1908, upon a trial and conviction of burglary. Reversed.

*Allan Trumbull*, for appellant.

*Jas. W. B. Scott* and *U. D. Gnagey*, for respondent.

CROW, J.—The defendant Charles Gunderson, having been adjudged guilty of burglary, has appealed to this court.

The information which was filed against the appellant and one Fred Hansen, under Bal. Code, § 7104, charges:

"That the said Fred Hansen and Charles Gunderson, then and there being, did on August 11th, 1908, *in the nighttime*, in Jefferson county, Washington, unlawfully and burglariously enter the ship Robert R. Hind, with intent then and there to commit a misdemeanor or felony, . . .."

Appellant has made several assignments of error, but we only find it necessary to consider his contention that his motion for a directed verdict of acquittal should have been sustained. He was charged with entering the ship in the nighttime. No breaking was alleged. It therefore devolved upon the state to show by competent evidence that the alleged entry did occur in the nighttime. The ship was in the sole charge of one John E. Nelson, its master. He testified that certain property had been taken therefrom; that on August 11, he had been ashore from early morning until late in the evening, when he returned to the ship; that he got up about seven-thirty o'clock the next morning to take in the side lights; and that he then found some one had taken the property from the ship. He did not testify that he missed the property, or that he knew it had been taken at any prior time. He was the only person on the ship and the only one who testified to the fact of its having been entered or that the property had been taken. Judicial notice will be taken of the fact that in this latitude during the month of August, it is daylight in the morning for more than two hours before

seven-thirty. There is nothing to show that the entry may not have been made, and the property taken, within those two hours, or during the daytime. The jury were not warranted in finding that the entry had been made in the nighttime.

The appellant's motion for a directed verdict should have been sustained. The judgment is reversed, and the case remanded with instructions to dismiss the action and discharge the appellant.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.