## Bruce and Russell v. Commonwealth.

(Decided June 10, 1921.)

### Appeal from Harlan Circuit Court.

1. Criminal Law—Confession.—When a confession by a defendant in an indictment made out of court is obtained under circumstances and by such means as will exclude it, the same vice will operate to exclude a later one, unless it is shown by the Commonwealth that the circumstances under which, and the means by which, the first confession was obtained have been removed or dispelled; and this is especially true when the second confession

is made within such a short time following the first one as that the vicious influences will be presumed to continue.

2.  Criminal Law—Confession—Promises or Other Inducements.—A confession alleged to have been made to an officer immediately upon arrest under promises of immunity cannot be admitted, and another one, made to a different officer within less than an hour thereafter, will be presumed as made under the same vicious influence and will likewise be rejected, unless it be affirmatively shown that the influence was withdrawn, removed or dispelled before defendant made the second confession.

3.  Criminal Law—Confession.—Under the provisions of section 240 of the Criminal Code a conviction cannot be had solely upon the confession of the defendant made out of court "unless accompanied with other proof that such an offense was committed."

4.  Criminal Law—Proof Corpus Delicti.—No conviction can be had without proof of the corpus delicti, which in the crime of larceny is the fact that the property alleged to have been taken was actually stolen from the place or person charged in the indictment.

ZEB A. STEWART, JAMES PARK and BUFORD WILLIAMS for appellants.

CHAS. I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Upon their joint trial in the Harlan Circuit Court under an indictment accusing them of grand larceny (stealing cigarettes from the depot at Baxter, Ky.) the appellants, Wheeler Bruce and James Russell, were convicted and their punishment fixed at confinement in the state penitentiary for a period of two years each. Their joint motion for a new trial was overruled and they have appealed. The chief ground relied on for a reversal of the judgment pronounced upon the verdict of the jury is error of the court in not sustaining defendants' motion for a directed verdict acquitting them of the charge. As grounds for the main contention some collateral questions are presented by the record which so far as necessary to a disposition of the case will be briefly noticed as we proceed with the opinion.

The Commonwealth introduced Alex Lyttle, a policeman, who testified that he arrested defendant, Bruce, without a warrant for the supposed offense of selling cigarettes without a license; that immediately Bruce told him that Russell, who was some distance up the railroad track, had some cigarettes and the officer soon found him with two cartons of them. Witness promised Bruce that

if he would tell about the cigarettes he would be released. Bruce thereupon said that one Buchanan had some of the cigarettes and the officer found twenty-three (23) cartons at Buchanan's store, but the latter said that he bought them from a negro and the court properly refused to allow him to state what the negro said with reference to them at the time of the purchase. What Bruce told the officer concerning the cigarettes was properly excluded from the jury, since it was improperly obtained through the promise of immunity and without its being withdrawn before the guilty statement was made by the accused. Within a very short time after his arrest Bruce was taken before the county judge, who was introduced by the Commonwealth and testified that Bruce stated to him (while not on trial) that "we didn't get them (cigarettes) out of a box car, we got them off of the platform." This statement was objected to, but the objections were overruled, which we think was error, since the Commonwealth failed to show that the inducement for the confession, held out by officer Lyttle a very short while before, was not still operating upon the mind of the accused. The burden was on the Commonwealth to show "from the length of time intervening, or from proper warning of the consequences of confession, or from other circumstances, that the delusion, hopes and fears, under the influence of which the original confession was obtained, were entirely dispelled." Roberson on Kentucky Criminal Law and Procedure, Vol. 2, page 1065. There is nothing in the record to show that the hopes of the accused, which were inspired by the promises of officer Lyttle, were in any wise dispelled when he made the statement in the presence of the county judge. Russell made no sort of confession to the officer, as we gather from the record, nor did he make any statement in the nature of a confession of any material fact in the presence of the county judge or other officer. About one week after his examining trial, and while he was incarcerated in the county jail, one McDaniel, who styled himself "Inspector Police L. & N. R. R. Company," called upon and had a conversation with Russell at the jail, which conversation is thus related by the witness: "Why, he said he and Mr. Bruce came to Baxter on the local which is a train that handles the local freight from Page to Harlan and they got off, he said, around the depot and Mr. Bruce left him for a short period of time. When he came back he had a bunch of cigarettes or something, he

didn't know what it was, but it developed to be cigarettes and he gave them to him for him to keep in his possession while he went to make a bargain to sell them, and while Bruce was gone to bargain a sale of them, the officers caught Bruce and got him, and that they got them off of the platform at the depot at Baxter. He said when he was put on trial he would tell what he knew about it and where the other seventy-five cartons were, but he wouldn't tell me." The witness said that no promises, threats, inducements or other influences were employed by him to procure the confession from the defendant, Russell, which if true would remove all legal objections to its introduction, unless perhaps the officer, Lyttle, had also promised him immunity the same as he had the defendant, Bruce, and which promise had not been withdrawn or otherwise dispelled before the confession was made. Since, however, the record is not clear as to whether Lyttle offered any inducements to Russell we are unable to determine whether his confession made to McDaniel was admissible.

Upon the fact of asportation, the only evidence offered by the Commonwealth was that which we have related and which is, as we have seen, an incompetent confession by the defendant, Bruce, and a doubtful one by the defendant Russell. Whether there were any cigarettes actually stolen from the depot at Baxter (as charged in the indictment), or from any other place, the record is entirely silent. The officer, Lyttle, did not pretend to testify as to the fact of any cigarettes having been stolen from the depot or elsewhere, and the county judge did not mention it, except the indefinite reference thereto made in the incompetent confession of defendant, Bruce, which only purported to say that "we got them (cigarettes) off the platform;" but whether rightfully or feloneously is neither stated nor intimated therein. The only other evidence offered by the Commonwealth to prove the *corpus delicti* was a statement made by the witness McDaniel to this effect: "We were short a hundred cartons of Campbell cigarettes going to the U. S. Supplies Company at Lynch out of a car that came in on that local. I believe it was the 7th of March, anyhow I was sick when they called me over the long distance 'phone and told me about it." It was elicited upon the cross-examination of that witness that all he knew about any cigarettes being missing was what others told him, and the court properly excluded from the jury his quoted statement. This leaves

the record entirely barren of any evidence that any cigarettes had been stolen from the place charged in the indictment, or from any other place in Harlan county.

Perhaps no rule of criminal practice is more thoroughly settled, or more steadily adhered to, than the one requiring proof of the *corpus deliciti*, and if there were no objections to the alleged confessions of either of the defendants, they, alone, would not be sufficient under the provisions of section 240 of the Criminal Code, to authorize a conviction in the absence of "other proof that such an offense was committed." Frierson v. Commonwealth, 175 Ky. 684, and numerous cases therein referred to. The case of Taylor v. Commonwealth, 162 Ky. 498, was one in which the defendant was charged with appropriating property in possession of a common carrier for transportation, and the facts relied on for a conviction were in many respects similar to those appearing in the record before us. Soon after being lodged in jail, the defendant in that case sent for an officer and made a confession to him which led to a discovery by the latter of some of the property alleged to have been wrongfully appropriated. In that confession the defendant stated that the property was obtained by him and his associates from a railroad car. At his trial the defendant in that case entered a plea of not guilty and the only evidence introduced by the Commonwealth was his confession made to the officer; and an agent of the railroad company at Cincinnati, Ohio, testified as to the contents of certain bills of lading which showed the shipment by the company of some property contained in the bills of lading corresponding with the property alleged to have been appropriated, and a railroad detective testified that when the car in which that property was shipped arrived at its destination in Alabama, he (witness) was told that it had been broken into and that a part of its contents were missing. This court, in its opinion, properly rejected the testimony of the two railroad men as being wholly incompetent, and, after quoting section 240 of the Criminal Code, said: "We feel constrained to hold that there was no competent evidence, other than the confession of the appellant, that the crime with which he was charged had ever been actually committed, and, therefore, under the express terms of the section quoted, the court should have granted appellant's motion for a peremptory instruction." That case was a stronger one for the Commonwealth than is the instant

one, as will be seen from the testimony which we have hereinbefore recited. There was no competent confession in this case, except possibly the one made by defendant, Russell, to the witness, McDaniel, and if we treat that confession as competent it does not come so near proving the *corpus delicti* as did the confession in the Taylor case. If the testimony in that case was insufficient to sustain a conviction, *a fortiori* would it be insufficient in this case where the testimony for the Commonwealth is much weaker. We are not unmindful of the rule that possession of stolen property is *prima facie* evidence of guilt, but before that rule can become operative it must be shown by competent evidence that the property in the possession of the defendant was "stolen property," since it is that fact which constitutes *corpus delicti* in the crime of larceny.

We, therefore, conclude that under the condition of the present record the court should have sustained the motion made by defendants and directed the jury to acquit them. Wherefore, the judgment is reversed with directions to set it aside and to sustain the motion for a new trial, and for proceedings consistent with this opinion.