TERRITORY OF HAWAII *v.* JOHN B. MAKAENA.

NO. 2788.

ARGUED FEBRUARY 18, 1952.          DECIDED FEBRUARY 27, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The defendant, plaintiff in error, a parolee from Oahu prison, was indicted, tried, convicted and sentenced for the crime of burglary in the first degree.

On the 25th day of May, 1949, a Mrs. Sylvan Davis reported by telephone to the police in Honolulu through Sgt. Marchesi that between the hours of 11:00 o'clock p.m. and 6:00 o'clock a.m. on the 24th and 25th days of May, jewelry and money were taken from her apartment at 431 Nahua place. These facts were recorded by Officer Marchesi on a document known as an "Offense Report."

On June 2, William Sing and Hans Landgraf, police officers, while patrolling an area off the Ala Wai boulevard two blocks from Nahua place, at about 3:00 o'clock a.m., saw in a dwelling defendant and a woman examining some rings. Officer Landgraf went to the home of Mr. Davis and returned to the house in which the defendant and the woman were seen admiring the rings. Thereupon, after receiving permission, the police officers and Mr. Davis entered the room where Mr. Davis identified the rings as being the property of his wife. When the woman was asked where she had obtained the rings, the defendant replied to the question, telling the officers that the rings had been found on the road, but after the defendant and the woman were taken to the police station defendant told the police officers that he had won the rings in a poker game. The woman then told the police that the three rings were given

to her by the defendant. In the closet a jacket and wallet identified by Mr. Davis as his own were found. The defendant, while being taken from Oahu prison to the Honolulu police court to be arraigned on the jewelry case, made an escape and was apprehended some days later.

At the trial of the case the police officers testified to the fact of the complaint being made, of finding the property in the possession of the defendant and his companion, of the conflicting explanations made to the officers by the defendant and his woman companion, and also the finding of the jacket and the wallet identified by Mr. Davis as belonging to him. The prosecuting attorney introduced in evidence the offense report referred to as made by Officer Marchesi. The offense report contains the classification of burglary and in substance states that a complaint was made by Mrs. Sylvan Davis, address 431 Nahua place, apartment 5, 5/25/49, between 11:00 o'clock p.m. and 6:00 o'clock a.m., the day of the week Tuesday-Wednesday; the date of the report was 5/25/49; she reported that her apartment had been entered and money and jewelry taken.

The failure to prove the corpus delicti and objections to the report and testimony of the officers as hearsay evidence were the main points relied on by defendant, plaintiff in error. There are other assignments of error which need not be considered in view of the fact that a reversal must be had because of the failure to prove the corpus delicti or to introduce any evidence thereof except hearsay.

To prove the crime of burglary in the first degree it is necessary to prove the entry in the nighttime with intent to commit larceny in the first or second degree, or a felony. Such proof, of course, need not be direct and positive evidence for crimes are naturally committed in darkness and secrecy; the corpus delicti may be proved by circumstantial evidence but it may not be proved by hearsay.

In this case the evidence of the corpus delicti given at

the trial was the statement made by Mr. and Mrs. Davis to the police officers, such statement being recorded as an offense report. The prosecution was permitted to put in the offense report, the only evidence of the fact that the Davis apartment was entered and jewels and money taken therefrom. The statement was obviously hearsay whether the officer testified to what was reported to him or wrote it down in his records.

The claim was made that under section 9902, Revised Laws of Hawaii 1945, so-called admissibility of business records, that such evidence was admissible. The statute reads as follows: "A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

"The term 'business' shall include every kind of business, profession, occupation, calling or operation of institutions, whether carried on for profit or not.  * * *"

If such record is admissible, the act recorded is merely that a complaint was made and could be admissible only for the purpose of proving that a complaint was made to the police and not as to the correctness of the report to the officer or that the premises were entered and money and jewelry stolen.

The prosecution first attempted to put in the testimony of the police officer that Mr. and Mrs. Davis had made a statement regarding entry and the stealing of the jewelry. Obviously, this was hearsay and it is none the less hearsay because it is embodied in a written record made by the police.

In *Bruce and Russell* v. *Commonwealth,* 191 Ky. 846,

232 S. W. 63, it is stated that the corpus delicti cannot be proved by hearsay. "In a prosecution for larceny of cigarettes from a railroad, the corpus delicti could not be shown by a witness, who only knew what others had told him concerning the loss of the cigarettes." In that particular case it was held that the corpus delicti must be proved before a defendant's confession was admissible and such corpus delicti could not be proved by the confession itself. (See also *Bluitt* v. *The State,* 12 Tex. Cr. Rep. 39.)

It is true that defendant had possession of the property reported as stolen, but in order for the possession of stolen property to warrant a conviction for burglary, the breaking and entry must be clearly shown. In *Strickland* v. *State* (Tex., 1904), 78 S. W. 689, it was said: "It has been held that possession of recently stolen property taken from the burglarized house is a sufficient predicate to justify a conviction for burglary, but in all those cases, so far as we are aware, an entrance to the house by somebody was a necessary condition as a predicate for the burglary conviction. The mere possession of recently stolen property, without evidence of a breaking, is not sufficient to show a burglary."

In the present case defendant's possession of stolen property, his conflicting statements, etc., would be ample evidence to sustain the conviction had the corpus delicti been shown by proper evidence.

Hearsay evidence is not excluded because it is irrelevant in fact but because of other weighty objections. As stated in 1 Wharton, *Criminal Evidence,* 11th ed., § 431, the objections are: "(1) The depreciation of truth, arising from its passing through one or more fallible media; (2) the abuses likely to arise through nondiscrimination by juries between primary and secondary testimony; (3) its irresponsibility."

It lacks also the sanctity of an oath and the opportunity of cross-examination. In *State* v. *Lassiter,* 191 N. C. 210, 131 S. E. 577, the court in delivering the opinion said:

"The inherent vice of hearsay testimony consists in the fact that it derives its value not from the credibility of the witness himself, but depends upon the veracity and credibility of some other person from whom the witness got his information." We may add that the "other person" is a person whom the jury never sees or whose credibility it has no chance to weigh.

Incidentally, even if the police statement were admitted there would be a failure to prove entry in the nighttime as the statement says between 11:00 o'clock p.m. and 6:00 o'clock a.m. Though defendant, plaintiff in error, did not specifically raise this point, the court takes judicial notice of the fact that on the morning of May 25, 1949, the sun rose in Honolulu at 5:49 o'clock a.m. (*State* v. *Gunderson*, 56 Wash. 672, 106 Pac. 194, 21 Ann. Cases 350), so had there been an entry and jewels and money taken after 5:49 o'clock a.m., it would be in the daylight, second degree burglary, not first unless armed, maximum penalty ten years, not twenty.

The judgment of conviction is reversed.

*N. K. Chung* (*D. H. Marshall* with him on opening brief; *D. H. Marshall* and *V. H. Yano* with him on reply brief) for plaintiff in error.

*A. R. Hawkins,* Public Prosecutor, City & County of Honolulu (*C. M. Hite,* Public Prosecutor when their brief filed, with him on the brief), for defendant in error.