Elmer DAWES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 27, 1955.

Rehearing Denied Sept. 30, 1955.

Joseph J. Grace, Richard R. Bryan, Paducah, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., James M. Lassiter, Commonwealth's Atty., Murray, Henry H. Lovett, Jr., County Atty., Benton, for appellee.

CAMMACK, Judge.

Elmer Dawes was convicted of grand larceny and sentenced to one year in prison, after a second trial of his case. The grounds upon which he urges reversal of the judgment are: (1) The court should have directed a verdict for him, and the verdict is contrary to the law and the evidence; (2) the court erred in the admission of evidence; (3) it was error for the court to fail to admonish the jury as to the effect of witness' admissions that they had been convicted of a felony; and (4) a prejudicial statement was made by the court to the jury.

The Commonwealth's evidence discloses that the Sharpe High School was broken into in January, 1954, at which time a wire recorder was stolen. In February, 1954, Dawes was arrested in Detroit, Michigan, for a traffic violation. His car was searched and the officers found a wire recorder, a cash register and a television set in the trunk. The articles were taken to the 13th Precinct Station in Detroit, where they were turned over to the police. The Sheriff of Marshall County was contacted and the ensuing correspondence between the officers led to the charge against Dawes.

The officer who made the arrest in Detroit testified that Dawes said the recorder was his own personal property and that he had owned it for a year or more. The officer said also that the recorder was packed and put in a locked room at the precinct station. Later, it was taken to the main property room at police headquarters. Although it appears that the serial number on file at the school did not correspond with the one on the recorder, the arresting officer testified that the recorder exhibited in evidence was the one taken from the appellant's car, and the principal at the High School identified it as the one stolen from the School. The Sheriff of McCracken County testified that he went to Detroit and got the recorder. He turned it over to the Sheriff of Marshall County.

Dawes testified that in January, 1954, a man who gave his name as Robert L. Griffith came to his house in Paducah and offered to sell him a wire recorder, a television set and a cash register for $300. He said, however, that he paid Griffith $250 for the articles; he asked Griffith whether the goods were stolen and he said, "No"; and Griffith gave him a receipt for the articles, which he offered in evidence. He stated also that his purpose in purchasing the articles was to take them to Detroit, where he had already planned to go, and sell them for a profit. Dawes was corroborated as to this transaction by three friends, who said they were present when it took place. He could not recall having seen Griffith before that night, and has not seen him since. On cross-examination, over Dawes' objection, the Commonwealth's Attorney was permitted to ask him what other property he had in his possession at the time of his arrest. He answered that he had a wrist watch, a diamond stickpin, two diamond rings and $450 in money.

Elzie Overstreet, who was in the music business in Paducah, testified that on or about January 29, 1954, a man who called himself Griffith, or Griffin, approached him and wanted to sell a tape recorder, a cash register and a television set. Overstreet

said he refused to buy them, but sent him to Dawes; and that Griffith returned an hour or so later and said he had made the deal. He then tried to sell Overstreet a house trailer. Overstreet said also that he had seen the man three or four times previously and once after the occasion. His testimony was corroborated by his wife. On cross-examination he admitted that he had been convicted of a felony. Jerry Hulen, another witness for the appellant, admitted that he had been convicted of a felony.

■ The appellant contends first that he was entitled to a directed verdict. With this contention we do not agree. The unexplained possession of stolen goods, or a part of them, a short time after they were stolen, is presumptive evidence of guilt, and such possession at that time shifts to the accused the burden of explaining his possession of the goods. If he fails to account satisfactorily for his possession, the presumption of guilt arising therefrom will warrant a conviction without the necessity of further proof. McElwain v. Commonwealth, 293 Ky. 677, 170 S.W.2d 3; Fryman v. Commonwealth, 289 Ky. 540, 159 S.W.2d 426; Roberson's New Criminal Law, Second Edition, section 849. We think there was sufficient evidence in this case to warrant its submission to the jury and to sustain its verdict. Parsley v. Commonwealth, Ky., 273 S.W.2d 372; Taul v. Commonwealth, Ky., 249 S.W.2d 45.

■ Dawes argues that the recorder was not sufficiently identified to justify submitting it in evidence. The identification of stolen property detected in the possession of an accused must be established by testimony as direct and positive as the particular case permits. What is sufficient depends upon the nature of the thing taken and the circumstances connected therewith. Generally, what amounts to an identification is for the jury to decide. Wilson v. Commonwealth, Ky., 258 S.W.2d 497. We think the testimony concerning the identification of the recorder was suffi-

cient to permit its introduction in evidence. Especially is this true, in view of the nature of Dawes' defense, and his testimony as to how he came into possession of the recorder. The testimony relating to the diamond stickpin, the diamond rings and the money Dawes had in his possession at the time of his arrest, while immaterial and probably inadmissible, was not so prejudicial as to require a reversal of the judgment. That evidence did not tend to connect Dawes with any other crime or to discredit him in any way. The other allegations of error in the admission of evidence are without merit also.

■ Upon an admission by a witness that he has been convicted of a felony, the court should, upon request, admonish the jury that the statement went only to the witness' credibility. A failure to request the admonition is deemed to be a waiver of the right. Allen v. Commonwealth, 302 Ky. 546, 195 S.W.2d 96; Johnson v. Commonwealth, 310 Ky. 557, 221 S.W.2d 87; Tarrence v. Commonwealth, Ky., 265 S.W.2d 40. In this case no request for an admonition was made and it was not error for the court to fail to give one.

■ After some two and one-half hours of deliberation, the jury came to the courtroom and announced that they were hopelessly hung. The trial judge then stated, "This has been a right expensive case, and I believe I will let you go back for at least another half hour and try to reach a verdict." The jury deliberated about an hour and a half before reaching a verdict. Dawes argues that the statement made by the judge amounted to coercion of the jury. We are of the opinion, however, that the statement had no prejudicial effect. It was the duty of the judge to let the jury deliberate as long as there was a reasonable possibility of a verdict being reached. His statement amounted to nothing more than an announcement of his intention to let the jury deliberate further, in view of the expense incurred in the trial.

Judgment affirmed.