**J. E. CHILDERS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1955.

Rehearing Denied Feb. 17, 1956.

no tail-light and the officers arrested the driver. When the car was moved a tire blew out, which caused the car to block the narrow road.

About that time the officers saw another car coming down this same narrow road and officer Cantrell used his flashlight to flag it down and warn the driver the road was blocked by the car with the blowout. Approaching the car with his flashlight the officer recognized appellant and saw 500 or 600 pounds of large copper wire on the back seat. Cantrell arrested appellant and his companion.

It is clear from this statement of the facts that the officers did not search the car, but when they did the customary thing of flagging appellant down with a flashlight and went up to the car to tell him of the road block, the copper wire was in plain sight on the back seat. This case is not unlike Reynolds v. Com., Ky., 273 S.W.2d 569, where the officers saw several cans of beer through an open door in a car in dry territory and as the driver's reputation was bad for dealing in illegal liquor, we there said the offense of having intoxicating liquor in possession for sale in dry territory was committed in the officer's presence.

In the instant case the officer in using his flashlight in his ordinary line of duty saw 500 or 600 pounds of greasy, cut-up, copper wire in a car at midnight driven by appellant, who likewise was greasy and dirty and coming along the only road leading from a mine out of which $8,000 or $9,000 worth of copper wire had been stolen. In these circumstances the officers had reasonable grounds for believing appellant had committed the felony of grand larceny and were justified under Criminal Code of Practice § 36, subd. 2 in arresting him without a warrant. After this lawful arrest, they had the right to search his car without a warrant. Billings v. Com., 223 Ky. 381, 3 S.W.2d 770.

The case at bar is not like one where the officer opens a door on accused's car or raises a shade in his house without a search warrant to see what is inside. Here

J. Ervin Sanders, Pikeville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Judge.

J. E. Childers was convicted of grand larceny and was sentenced to one year in the penitentiary. On this appeal he insists the court erred: 1. In admitting evidence against him which was obtained by an illegal search of his car; 2. there was no evidence of the corpus delicti.

Two officers, Banner Hill and Charles Cantrell, about midnight on October 23, 1954, saw a car coming down Hopkins Fork upon which is located the mine of the Semet Solvay Coal Company and is the only road leading from the mine. The car had

the natural darkness concealed the wire from view but the flashlight dispelled the screen of darkness without the officer resorting to a search. The use of a flashlight here is comparable to the use of field glasses at sea and does not amount to a search without a warrant as prohibited by the constitutional guarantee. 79 C.J.S., Searches and Seizures, § 31, p. 798; United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202.

Nor is there merit in appellant's contention that the corpus delicti was not proven. True, no witness identified this particular wire as having been stolen from the mine of the Semet Solvay Coal Company, but Alvin Childers, who formerly was employed at the mine, testified that $8,000 or $9,000 worth of copper trolley wire and feeder cable had been taken from the mine. Furthermore, he testified the wire found in appellant's car was similar in size and seemed to have the same kind of grease on it as the wire in the mine, and the hack marks on the wire left in the mine were similar to the hack marks on the wire in appellant's car, which had been cut into short pieces and tied in bundles. Also, appellant was dirty and greasy and his jacket had coal and rock dust on it and he had a cap with a miner's lamp attached lying on top of the copper wire, although there was no evidence appellant was then working in a mine.

This testimony was sufficient to establish the corpus delicti, which in a larceny case is the fact that the property in question was actually stolen from the company named in the indictment. Bruce v. Com., 191 Ky. 846, 847, 232 S.W. 63. It is a well known rule of criminal law that possession of stolen property is prima facie evidence of larceny and if not satisfactorily explained, is sufficient to take the case to the jury and sustain a conviction. Davidson v. Com., 219 Ky. 251, 292 S.W. 754; Abshire v. Com., 281 Ky. 470, 136 S.W.2d 567.

We find no errors in the record prejudicial to appellant's substantial rights and the judgment is affirmed.