**Buddy WATERS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 19, 1959.

James A. Inman, Whitley City, for appellant.

Jo M. Ferguson, Atty. Gen., Paul E. Hayes, Asst. Atty. Gen., for appellee.

EBLEN, Judge.

On this appeal from a conviction of grand larceny and the imposition of a

one-year sentence, the primary contention of the appellant is that there was not sufficient evidence to corroborate the testimony of the accomplice.

 On Monday, July 25, 1955, the Superintendent of Mine 18, of the Stearns Coal and Lumber Company, discovered that about 415 feet of copper "feeder line" was gone and the loss was reported to the sheriff of McCreary County. Tuesday afternoon James "Chig" West was apprehended near Stearns, Ky., while seated in a 1938 Chevrolet car. Three loose pieces of copper wire of the type taken from the mine were found in the car. West admitted the theft of the wire, stating that he and the appellant took it just after dark on the 24th of July; that they loaded it in this 1938 Chevrolet, then owned by appellant, and took the wire to Cincinnati and sold it there; that appellant then traded the Chevrolet car to his brother-in-law, and West purchased the Chevrolet from the appellant's brother-in-law; and that West returned to McCreary County in the Chevrolet.

The appellant admitted being with West on Sunday, July 24, until about 4:00 p. m., but denied any knowledge or part in the theft of the wire. He stated that he loaned his Chevrolet to West, and that he, a brother, and Hubert Davis drove to Cincinnati that same day, leaving McCreary County about 5:00 or 5:30 p. m. Appellant was apprehended in Tennessee more than a year later and admitted that he knew of the charge against him about a year before his apprehension. The appellant was admitted to bail, and fled from Kentucky, returning voluntarily some fifteen months later.

 We are of the opinion that there is sufficient evidence tending to link the appellant with the commission of the offense to satisfy the requirements of Section 241 of the Criminal Code of Practice. Hager v. Com., 300 Ky. 585, 189 S.W.2d 867; Robinson v. Com., 285 Ky. 838, 149

S.W.2d 502. He and West were together on the day the wire was stolen. The appellant left the State on that same day, and he stayed away from Kentucky for a year after he knew that he had been indicted for this offense. Later he violated his bail bond by leaving the State and being a fugitive for fifteen months. This, with the finding of the loose pieces of copper wire in the car that belonged to him at the time the wire was stolen, furnishes ample corroboration. Anderson v. Com., 273 Ky. 533, 117 S.W.2d 215.

The foregoing necessarily disposes of the contention that the verdict of the jury is against the law and the evidence.

Judgment affirmed.