Willie BEASLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1960.

Lloyd C. Emery, Julian M. Carroll, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Upon a finding of guilt of grand larceny, and of having twice previously been convicted of felonies, Willie Beasley was sentenced to life imprisonment as an habitual criminal. He appeals, contending that the evidence (which was circumstantial) of the larceny offense was not sufficient to sustain a conviction of that offense, and that the evidence did not prove that the value of the stolen property was in excess of $20 so as to make out a case of grand larceny.

Two employes of the Illinois Central Railroad Company, upon making a routine inspection of a portion of the right of way on October 7, 1959, discovered that 766 feet of No. 6 gauge copper insulated wire, which was used in the block signal system, had been cut and removed from poles along the track. By reason of the fact that certain batteries used in connection with the signal system had not run down, they were able to estimate that only a few days could have elapsed since the wire was stolen. The quantity of wire taken, with the insulation removed, would weigh approximately 62 pounds.

On the same day the loss of the wire was discovered, Beasley had sold 61 pounds of No. 6 gauge copper wire, with the insulation removed, to a junk yard. Beasley admitted that he had sold such a quantity of wire to the junk yard but claimed he had picked it up over a period of days at the city dump. Two city employes stationed at the dump stated that they had never seen such a quantity of this kind of wire at the dump, it would be unusual for it to be there, and they had never seen Beasley around the dump.

No. 6 gauge insulated copper wire was not in wide use by other industries in the community; the railroad was "practically the only place" that used it.

The foregoing is the substance of the evidence as relates to the circumstances of the larceny offense.

The contention of the appellant is that there was not sufficient identification of the wire sold by him to the junk yard as being the same wire stolen from the railroad, and since there was no other proof to connect him with the theft he was entitled to a directed verdict.

It is our opinion that the evidence that the sale of wire by Beasley to the junk yard closely followed in point of time the theft of wire from the railroad, that the gauge was the same and the quantity was substantially the same, that such wire was not commonly used except by the railroad, and that Beasley's explanation of where he got the wire was unsatisfactory, pointed to his guilt so unerringly as to meet the required test for circumstantial evidence. See Hendrickson v. Commonwealth, Ky., 259 S.W.2d 1; Holland v. Commonwealth, Ky., 323 S.W.2d 411.

The identification of stolen property detected in the possession of an accused must be established by testimony as direct and positive as the particular case permits. What is sufficient depends upon the nature of the thing taken and the circumstances connected therewith. Generally, what amounts to an identification is for the jury to decide. Dawes v. Commonwealth, Ky., 281 S.W.2d 901. For cases

in which identification of wire was held sufficient see Childers v. Commonwealth, Ky., 286 S.W.2d 369, and Waters v. Commonwealth, Ky., 325 S.W.2d 311.

As concerns the value of the stolen wire, the only evidence was the testimony of an employe of the railroad that the *purchase cost* of a similar quantity of *new* wire would be $37.89; that used wire with the insulation on it has practically no market value, but with the insulation burned off it can be sold as scrap.

■ For the purposes of a grand larceny prosecution the value of the stolen property is not the original cost nor the sale price for junk, but evidence of such cost or price is admissible as tending to establish the value. Gray v. Commonwealth, 288 Ky. 25, 155 S.W.2d 444. The true criterion is the fair market value of the property at the time and place it was stolen, if there be such a standard market; if not, the value must be arrived at from the facts and circumstances and the uses and purposes which the article was intended to serve. Gray v. Commonwealth, supra; Allen v. Commonwealth, 148 Ky. 327, 146 S.W. 762. In other jurisdictions evidence of replacement cost has been held admissible in the absence of an established market value. See 52 C.J.S. Larceny § 118, pp. 941, 942.

In the civil case, where damages were sought for destruction of part of a telephone line, we pointed out that a portion of a telephone line in place would not be marketable as such, and we held that the damages should be based upon cost of restoration. Kentucky Utilities Co. v. Consolidated Telephone Co., Ky., 252 S.W.2d 437.

■ In view of the fact that the wire here in question had no practical market value, the evidence of its replacement cost was admissible. There was nothing in the evidence to show that the wire was in a deteriorated condition, and it may be considered a matter of common knowledge that copper wire has a long period of useful life. Therefore the jury reasonably could conclude, from the fact that new wire would cost $37.89, that the stolen wire was worth at least $20. The defendant was adequately protected by the giving of an instruction which limited the offense to petit larceny if the jury believed the wire was worth less than $20.

The judgment is affirmed.