**COMMONWEALTH of Kentucky, Appellant,**

v.

**Nancy B. JUSTICE, Appellee.**

Supreme Court of Kentucky.

Sept. 21, 1983.

Steven L. Beshear, Atty. Gen., Sarah M. Jackson, Asst. Atty. Gen., Frankfort, for appellant.

Robert C. Bishop, Asst. Public Advocate, Pikeville, for appellee.

## CERTIFICATION OF THE LAW

GANT, Justice.

Appellee herein was indicted on three counts of theft by deception, in violation of KRS 514.040. Three "cold" checks were involved, issued on the First National Bank of Pikeville, and passed at K-Mart. The amounts of the checks were $109.68, $98.68, and $104.42, and were presented for payment on July 25 and July 1, 1982. All three checks were dishonored because of insufficient funds.

The evidence disclosed that appellee had opened a bank account at First National for $100 on June 16, 1982, and had been furnished the usual temporary checks. Within three days, appellee cashed two checks totalling $90.00, leaving a balance of $10.00 at the time the three checks in question were presented. Employees of K-Mart testified that these three checks had been presented to them in the regular course of business, had been presented twice to the bank for payment and dishonored on all occasions. The bank officials testified that the signatures on the checks corresponded with the signature on the account card of the appellee, the checks and the card being introduced into evidence. Evidence was presented that appellee was personally contacted on one occasion and that she promised to pay what she owed.

Proof was then presented by K-Mart that it was in the business of sale of merchandise, on a cash basis. However, it was admitted that the clerks could not testify exactly what items were purchased by the appellee on each occasion when the checks were presented. The lower court held that this failure to identify the exact items was fatal, and directed a verdict of acquittal. The Commonwealth seeks certification of the law.

It is our opinion that the lower court was clearly erroneous. KRS 514.040, in applicable part, reads:

(1) A person is guilty of theft by deception when he obtains property of another by deception with intent to deprive him thereof. A person deceives when he intentionally:

\* \* \* \* \* \*

(e) Issues or passes a check or similar sight order, for the payment of money, knowing that it will not be honored by the drawee.

The statutes make no mention of any requirement that specific items be identified. Indeed such a requirement would place an untenable burden on the merchants of this state and would create such a restriction on the free acceptance or checks or credit cards as to destroy their place in the market. When we consider, for example, that at a retailer such as K-Mart, in the instant case, or at a large grocery, it may well require a dozen or more items to justify a sale amounting to $100, the fallacy of the holding of the lower court becomes apparent.

Although factually distinguishable, the law was well defined by Commissioner Cullen in *Beasley v. Commonwealth*, Ky., 339 S.W.2d 179, 180 (1960):

The identification of ... property ... must be established by testimony as direct and positive as the particular case permits. What is sufficient depends upon ... the circumstances connected therewith. Generally, what amounts to an identification is for the jury to decide.

Where the proof establishes that the recipient of a dishonored check is in the business of selling merchandise on a cash basis and that the check was received by it from the maker in the ordinary course of busi-

ness, this evidence is sufficient to meet the burden required under KRS 514.040 to show that the maker obtained property, and to submit the case, on that point, to the jury.

The law is so certified.

All concur.